THE STATE, EX REL. EDMUND B. HOURIGAN, RELATOR, v. THE TOWNSHIP OF NORTH BERGEN IN THE COUNTY OF HUDSON ET AL., RESPONDENTS.

THE STATE, EX REL. OAK SECURITIES COMPANY, RELATOR, v. THE TOWNSHIP OF NORTH BERGEN IN THE COUNTY OF HUDSON ET AL., RESPONDENTS.

Argued October 5, 1932—Decided March 6, 1933.

Before Justices PARKER and LLOYD.

For the relator, *Burke, Sheridan & Hourigan* (*John Milton,* of counsel).

For the respondents, *Nicholas S. Schloeder* and *William Sewell.*

PER CURIAM.

Writs of *mandamus* are applied for under these rules to compel the taxing authorities of North Bergen township to raise the tax assessments sufficiently to pay judgments previously obtained by the relators. The judgments were obtained on March 3d, 1932, and are for $250,923.43 in favor of Hourigan and for $192,823.42 in favor of Oak Securities Company. The judgments not being paid on execution, the present rules were applied for and allowed.

Normally on such a showing the taxing authorities would be required to levy a sufficient tax to raise the moneys but it appears that the "municipal finance commission," as authorized by chapter 340 of the laws of 1931 (page 830), amended by chapter 236 of the laws of 1932 (page 519), is functioning in the township. Section 352 of the act provides that:

"Whenever the municipal finance commission shall function in any municipality and so long as it shall continue so to do, no action or proceeding of any kind either direct or ancillary, by way of *mandamus,* or otherwise, shall be brought against such municipality or any public officers for the assessment, levy or collection of taxes by or for such municipality and any and all actions or proceedings therefor shall be and they hereby are stayed; except that first, the Supreme Court or a justice thereof may authorize one or more creditors of such municipality to bring and maintain an action or proceeding therefor in the Supreme Court, which shall be brought for the benefit of themselves and all other creditors of such municipality and in which all other creditors of such municipality shall have the right to intervene and assert their claim and in which all other creditors of such municipality may be made parties in such manner and upon such notice as the Supreme Court shall approve; and except that, second, the municipal finance commission may bring and maintain an action or actions by way of *mandamus* or any other appropriate proceeding or proceedings for the assessment, levy or collection of taxes by such municipality for the payment of principal and/or interest of the indebtedness of the municipality found to be outstanding as provided in section two hundred and one of this act."

Counsel for the relators urge that this legislation is unconstitutional as impairing the obligation of contracts and for other reasons, but this question is not properly before us. The commission is a *de facto* body operating by virtue of a statute presumably valid. *Lang* v. *Bayonne,* 74 *N. J. L.* 455; 68 *Atl. Rep.* 90. It is not made a party to this proceeding. Its authority, therefore, cannot be determined under these rules.

Even if it were otherwise it is obvious that to grant the writs applied for in this case would be to work great confusion in the financial affairs of the township, and where such condition will supervene the application therefor should be denied. *McCormick* v. *New Brunswick,* 89 *N. J. L.* 117; 97 *Atl. Rep.* 777.

The rules are discharged.