FIRST NATIONAL BANK OF BOUND BROOK, NEW JERSEY, RELATOR, v. EDGAR T. ESTERLINE, N. JOSEPH ENGLEBERT AND JOSEPH E. JAMES, ASSESSORS OF THE BOROUGH OF LAVALLETTE, AND THE BOROUGH OF LAVALLETTE, IN THE COUNTY OF OCEAN, NEW JERSEY, RESPONDENTS.

Argued October 5, 1932—Decided July 25, 1933.

Before Justices PARKER, LLOYD and CAMPBELL.

For the relator, *Ira F. Smith.*

For the respondents, *Leon Reussille, Jr.*

For the Municipal Finance Commission, *William A. Stevens* (*Arnold Frye,* of counsel).

PER CURIAM.

The petitioner is the holder of several judgments against the borough of Lavallette upon which execution had been issued without avail, and upon which thereafter a peremptory

writ of *mandamus* was, on September 9th, 1932, awarded by this court to compel the assessing authorities of the borough to assess and raise by taxation sufficient funds to liquidate these judgments. On the evening of the same day and before the writ was served the borough council passed a resolution calling upon the Municipal Finance Commission, a body created under chapter 340 of the laws of 1931 (page 830) as amended by chapter 236 of the laws of 1932 (page 519) to function in the borough.

Under section 103 the commission shall function in the municipality upon the filing in the office of the clerk of the Supreme Court of a certified copy of a resolution such as adopted by the borough council. The resolution in question was filed with the clerk on September 13th, 1932.

The present application is for a rule on the mayor and council of the borough to show cause why an order commanding obedience to the writ of *mandamus* should not issue, and why the petitioner should not have certain moneys on deposit applied to its judgments.

Except for the fact that the Municipal Finance Commission was not functioning in the borough when the writ of *mandamus* was served, but came into control a few days thereafter, the conditions here presented do not differ from those presented in the cases of *Oak Securities Co.* v. *Township of North Bergen* and *Hourigan v. Township of North Bergen,* Nos. 221 and 222 of the October term, 1932, of the Supreme Court, already determined and reported in 11 *N. J. Mis. R.* 194; 165 *Atl. Rep.* 74.

This simple difference we do not regard of importance in view of the reasons expressed in the cases cited. It may be added it is difficult to see that any force would be added to the writ of *mandamus* already in existence by any order that the respondent be compelled to obey it, and as to the application of funds in bank such application would be in conflict with one of the purposes of the legislation creating the finance commission, viz., equality in liquidation of the debts of a defaulting municipality.

For the reasons given in the cases referred to, the present application is denied.