Argued on demurrer to alternative writ July 26, sustained October 8, 1918.

## PAINE v. WELLS.

(175 Pac. 430.)

**Mandamus—Alternative Writ—School Tax Levy—County Assessor.**

1. An alternative writ of *mandamus* against county officers to compel levy of a special school tax, failing to show in what three public places notices required by Section 4083, L. O. L., were posted, or that Laws of 1915, page 285, requiring publication of notice of school meeting, had been complied with, is insufficient.

**Mandamus—Alternative Writ—Sufficiency.**

2. An alternative writ of *mandamus* against county officers to compel levy of the full amount of special school tax voted, but failing to show that the district is not of the third class, or that the tax was not lowered by the district boundary board of the county under Laws of 1917, page 402, providing therefor in third-class districts, is insufficient.

**Mandamus—Alternative Writ—Sufficiency.**

3. An alternative writ of *mandamus* to compel county officers to levy a special school tax, failing to allege refusal to extend all of the tax, but not designating the part omitted from the rolls, is insufficient.

**Mandamus—Sufficiency of Alternative Writ.**

4. An alternative writ against the county assessor to compel the levy of a proposed voted school tax, which fails to allege that the tax would not exceed that of the preceding year by more than 6 per cent to comply with Laws of 1917, pages 192, 194, Sections 8, 12, is insufficient.

**Mandamus—Laches.**

5. *Mandamus* to compel county officers to levy a voted school tax, not filed until more than three months after the first half of the taxes were due, would, if granted, confuse the financial business of the county, and must be denied for laches.

[As to *mandamus* against public officers, see note in **98 Am. St. Rep.** 863.]

## Original proceedings in Supreme Court.

Department 2.

This is a proceeding in *mandamus,* instituted in this court to compel the assessor, sheriff and clerk of Morrow County, Oregon, to correct the assessment-rolls for the tax of 1917, "by calculating the rate per cent of the special tax voted by School District No. 25 of Morrow County, Oregon, on the twenty-seventh day of November, 1917," and to levy and extend the said special tax on the assessment-rolls, and to certify and issue a warrant for, and collect the same with the tax for 1917. The petition was filed and an alternative writ of *mandamus* was issued on July 11, 1918, requiring the defendant officers to so correct the assessment-rolls, or show cause, on the twenty-third day of July, 1918, why they should not do so.

The formal allegations of the alternative writ show that the plaintiff C. C. Paine is a citizen and taxpayer of the school district; and that School District No. 25 is a public corporation of Morrow County; and shows the official character of the defendant county officers; and names the duly qualified and acting members of the school board of the district and the clerk of the school district. The writ then sets forth in substance as follows:

"IV.

"That on the fifth day of November, 1917, J. C. Ballenger, Clerk of said School District No. 25 of Morrow County, Oregon, posted a notice signed by himself and the chairman of the Board of Directors of said School District on the schoolhouse door in said School District calling a school meeting to be held in said school district on the twenty-seventh day of November, 1917, at 2:00 o'clock P. M. The said J. C. Ballenger sent a copy of said notice to the County School Superintendent of Morrow County, Oregon, and the said J. C. Ballenger on the fifth day of November, 1917, posted three other

notices of the call for said school meeting in said school district to be held on the said twenty-seventh day of November, 1917, in three public places in said school district.''

Here follows a copy of the notice of the school meeting to be held on the twenty-seventh day of November, 1917, at 2 o'clock P. M. to vote on the proposition of a special levy of tax setting forth an estimate or budget of the money needed by the district during the fiscal year, showing the amount of $22,761.95 to be raised by a direct tax. It is then alleged:

"V.

"That on the twenty-seventh day of November, 1917, a special school meeting of School District No. 25 of Morrow County, Oregon, was held at 2 P. M. on said day, and at said meeting it was voted by the residents, inhabitants and taxpayers of said School District, who are the electors thereof to raise by taxation the sum of $22,761.95 to be used by the said School District for school purposes during the fiscal year beginning June 30, 1917, and ending June 30, 1918.''

It is then alleged that notices of the amount of the special tax voted on at such school meeting, together with a copy of the notice calling the school meeting with itemized budget attached, was filed; one copy with the county clerk, and one copy with the county assessor of Morrow County, before the first day of December, 1917, and that the county assessor has failed and refused to compute and determine the rate per cent of the special tax required to be levied upon the property of the school district as voted, and failed and refused to extend the special tax upon the present assessment-rolls of the county, or to levy said tax upon the property situated in the school district.

Paragraphs IX and X of the writ are as follows:

## "IX.

"The County Assessor of Morrow County, Oregon, certified and filed with the County Clerk of said County a false and incorrect certificate of the several amounts of special School taxes voted by the taxpayers of School District No. 25 of Morrow County, Oregon, to be apportioned and assessed upon the property situated in said School District, and the said assessor procured from the County Clerk of said County a warrant in the name of the State of Oregon, authorizing the collection by the Tax Collector of the taxes shown in the said Certificate filed with the County Clerk of Morrow County, Oregon, by the said assessor.

## "X.

"The said assessor of Morrow County, Oregon, filed with and delivered to the tax collector of said county an incorrect and false assessment-roll in that the said assessment-roll does not contain the special tax voted by the taxpayers of said School District No. 25 of said County and State, on the twenty-seventh day of November, 1917."

And alleges that the county clerk of Morrow County refuses to issue a warrant authorizing the collection of this special school tax and that the county tax collector of Morrow County refuses to collect the special tax voted by the taxpayers of the School District No. 25.

The defendants demurred to the writ upon the grounds that the same does not state facts sufficient to entitle the petitioners to the relief demanded, specifying several particulars. That these proceedings were commenced too late.          DEMURRER SUSTAINED.

*Mr. John F. Reilly* and *Mr. Sam E. Van Vactor,* for the demurrer.

*Mr. O. R. Richards* and *Mr. Norman S. Richards, contra.*

BEAN, J.—1. The first ground of the demurrer is based upon several propositions, a portion of which we will notice. It is contended by the counsel for defendants that essential allegations are omitted from the writ and without them the writ does not make that clear case required by the law. The necessary averments in an alternative writ of *mandamus* are stated in 13 Ency. of Pleading and Practice, pp. 677–681, substantially as follows: That the pleading must show, at least *prima facie*, a clear right existing in the relator to have the thing done which he seeks to enforce. It must allege the performance of conditions precedent; it must show special interest and special damage, if any, to the relator; it must negative any facts which under the statute relied upon might defeat his right to maintain the action. We quote from page 680 of that volume:

"The relator must show that it is the respondent's duty, and that he has the power, to perform the act sought to be enforced. The relator must allege the facts from which the legal liability results, and a pleading is had in substance if the duty does not in all cases result from the facts stated in it."

See, also, *State ex rel. Good* v. *Johns,* 170 Ind. 233 (84 N. E. 1); *Hoxie* v. *Somerset County Commrs.,* 25 Me. 333; *Ewing* v. *County Commissioners Court,* 83 Tex. 663 (19 S. W. 280); *Weir* v. *State,* 161 Ind. 435 (68 N. E. 1023); 2 Spelling on Inj. and Ext. Rem. (2 ed.), § 1645; *McLeod* v. *Scott,* 21 Or. 94 (26 Pac. 1061, 29 Pac. 1); *State ex rel.* v. *Malheur County Court,* 46 Or. 519–522 (81 Pac. 368); High's Ext. Legal Rem. (3 ed.), § 9.

The petitioners base their right to the writ upon a school election at which they allege the tax levy was voted. The defendants make the objection that the

petitioners have failed to allege the holding of a legal meeting. Section 4083, L. O. L., provides that all regular and special school meetings must be convened by a written call stating the objects of such meeting, signed by the chairman of the board and the district clerk, or a majority of the district school board; and the directors shall cause the clerk to post the written notices in three public places in the district at least ten days before the day appointed for such meeting.

Chapter 217 of the Gen. Laws of Oregon, 1915, p. 285, provides for a more adequate notice for school district meetings and for the publication of a budget. Section 2 of this act provides that:

"It shall be the duty of the district clerk of any district at least two weeks before a meeting is held for the purpose of levying taxes to publish in one or more newspapers published in the district and having a general circulation, a budget statement of the estimated amount of revenue required for the ensuing year for the maintenance of the school district, and in districts in which no newspaper is published the clerk shall post such budget on the door of the schoolhouse in said district at least ten days before such meeting. It shall be the duty of the directors of any such district to make out and deliver to the district clerk of their district, an itemized statement of the amount of revenues which may be required for the purpose of carrying on the district schools for the ensuing year, which statement shall be signed by the board of directors at a legally called board meeting."

There is no allegation in the writ that the directors caused the clerk to post the notices. It is alleged that the notices were posted "in three public places in said school district." It is objected that this is a mere conclusion of law, and that the writ should show where the notices were posted. What appears to be the budget of the district is contained in the notice of the election, but there is no allegation that the budget

statement of the estimated amount of the revenue required by the district for the ensuing year was published in any newspaper, nor that there is no newspaper published in the district. These suggested defects could possibly be cured by amendment. We therefore pass them.

2. Chapter 206, Laws of 1917, p. 402, which gives to school districts the power to levy taxes, provides that a tax levied by a district of third class "may be reviewed and lowered by the district boundary board of the county." For this purpose an itemized budget showing contemplated expenditures is required to be submitted to the county superintendent of schools. The authority to levy a tax given by the legislature to a school district of the third class is restricted by this statute. There can be no question of the sovereign power of the state through the legislature to control its school districts. There is no allegation in the writ as to whether or not the school district is a district of the third class, nor that the tax was not lowered by the district boundary board. From the amount received from the county school fund, and from the state school fund, mentioned in the budget statement, we think the district must belong to the third class.

The brief of the defendants states that it was admitted by the petitioners upon the argument that the district boundary board had lowered the levy.

3. As we understand the averments of the writ, the county assessor did not fail to extend on the assessment-rolls all of the special tax voted by School District No. 25, but that he gave to the clerk "an incorrect certificate of the several amounts of special school taxes voted by the taxpayers of School District No. 25 of Morrow County, Oregon." This conclusion is apparent from the allegation that the assessor "failed and refused to levy and extend on the present assess-

ment-rolls of Morrow County, Oregon, the special tax voted on the twenty-seventh day of November, 1917," when taken in connection with the other allegations. The writ does not allege that the assessor failed or refused to extend all of the tax, or in other words what part of the tax was omitted from the rolls is not disclosed by the writ. If our construction of the averments of the writ is correct, then the writ should show to what extent or amount the assessor failed to extend the school tax on the assessment-rolls, and it should be averred that the school tax in question has not been lowered by the district boundary board, or else facts should be alleged showing that the boundary board had no authority to review the tax levy. In other words, the writ should negative the existence of facts which would excuse the performance by the county officers, of the acts sought to be enforced.

4. There is no allegation in the writ that the proposed tax would not exceed that of the preceding year by more than 6 per cent, nor is there any allegation that if the tax is more than 6 per cent in excess of the previous year's tax, that there was a compliance with Sections 8 and 12 of the Act of 1917, Gen. Laws of Or. 1917, p. 192. This act provides for the manner in which an election shall be held to authorize an increase, if the tax levy is more than 6 per cent in excess of the preceding year's levy, so that the tax will not come within the constitutional inhibition as to the amount. The act provides that before such an election can be held a certificate of necessity for the increase shall be prepared and filed by the school board. The writ discloses no compliance with this act.

5. The major obstacle in the way of granting the relief prayed for by the petitioners is that the writ was applied for at such a late date that it would create much

confusion and uncertainty in the levying and collection of the tax. The tax-roll under the law had passed from the assessor's hands and a warrant authorizing the collection of the taxes had been issued and the tax-roll placed in the hands of the sheriff for collection. One half of the taxes upon the roll were due April 5, 1918. It is to be presumed that a large portion of the first half has been paid and receipted for by the tax collector. The writ was not petitioned for until more than three months had expired after one half of the taxes were due. Laches is a bar to *mandamus,* and a petitioner desiring to avail himself of the benefits of such a writ must act promptly: *Eastern Cherokees,* 220 U. S. 83–87 (55 L. Ed. 379, 31 Sup. Ct. Rep. 373). It is well settled that application for a writ of *mandamus* must be made within a reasonable time after the alleged default or neglect of duty, and that laches or delay in making an application unless satisfactorily explained may afford sufficient cause for its denial, particularly when the delay has been prejudicial to the rights of the respondent: 18 R. C. L., § 286, p. 335; *Alleghany County Board of Commrs.* v. *County Commrs.,* 20 Md. 449, 460.

The writ charges that the assessor filed a false and incorrect certificate of the several amounts of school taxes, and procured a warrant authorizing the collection of taxes as shown by the certificate. The theory of the writ appears to be that the rolls are false and therefore illegal. It attempts to substitute for the rolls upon which the sheriff is collecting taxes a different roll in so far as the property in School District No. 25 is concerned. It is manifest that the change cannot now be made without causing great confusion in the transaction of the financial business of the county by the county officers, and tending to impede the

administration of the tax laws: *Kinlein* v. *Mayor etc. of City of Baltimore,* 118 Md. 576 (85 Atl. 679); *McCormick* v. *City of New Brunswick,* 89 N. J. L. 117 (97 Atl. 777); *People ex rel.* v. *Olsen,* 215 Ill. 620 (74 N. E. 785); *Board of Education* v. *Common Council,* 128 Cal. 369 (60 Pac. 976); *Bibb* v. *Gaston,* 146 Ala. 434 (40 South. 936). The facts in this case as disclosed by the alternative writ are widely different from those in the case of *State ex rel.* v. *Johnson,* 80 Or. 107 (156 Pac. 579), relied upon by counsel for petitioners.

The demurrer to the alternative writ should be sustained. And it is so ordered.

DEMURRER SUSTAINED.

McBRIDE, C. J., HARRIS and JOHNS, JJ., concur.