Argued January 7; reversed February 18, 1947

## FLEMING, ADMINISTRATOR, *v.* FOSSATI

(177 P. (2d) 425)

*B. G. Skulason,* of Portland, for appellant.

*Cecil F. Poole,* Enforcement Attorney, Office of Price Administration, San Francisco, California, (with George Moncharsh, Deputy Administrator for Enforcement, Sylvanus N. Smith, Enforcement Attorney, Herbert H. Bent, Regional Litigation Attorney, Jacob

Chaitkin, Special Appellate Attorney, on brief), for respondent.

Before ROSSMAN, Chief Justice, and BELT, KELLY, BAILEY and HAY, Justices.

BELT, J.

This suit was commenced on January 3, 1946, under the Emergency Price Control Act of 1942, as amended, 50 U. S. C. A., War, Appendix, § 901 et seq., to compel the inspection of books and records kept by the defendant while engaged in the egg and poultry business in the city of Portland. Philip B. Fleming, as Administrator, Office of Temporary Controls, has been substituted as plaintiff for Chester Bowles. The Complaint, in brief, alleges that it was the duty of the defendant under Second Revised Maximum Price Regulation 265 and Revised Maximum Price Regulation 333, issued pursuant to Section 4 (a) of the Act, to keep for inspection by the Office of Price Administration "accurate records of each sale, delivery, or purchase, showing the date, name, and address of the buyer or seller, quantity, type, grades" of eggs and poultry. Plaintiff further alleges that the defendant has violated such regulations in that "she has refused and continues to refuse to permit representatives of the Office of Price Administration to inspect her records relating to the purchase and sale of the commodities covered by said regulations." The Inspection Requirement issued, and which is attached to the Complaint as an exhibit, discloses that the inspection demanded covered a period of business operations from December 1, 1944, to July 1, 1945.

The plaintiff, in the prayer of the Complaint for "a preliminary and final injunction", sought: (1) order directing an inspection, (2) order restraining defendant from conducting the business in which she was engaged, until she had permitted the inspection of her books and records, (3) for such other relief as to the court seemed equitable.

Defendant, in her Answer, admitted that she was engaged in business as alleged in the Complaint, and that an Inspection Requirement was served on her on the date therein mentioned, and that she refused the inspection in question, but denies each and every other allegation of the Complaint, and alleges affirmatively "that the plaintiff has inspected the defendant's accounts and records several times."

After issue had thus been joined on the pleadings, an order was served on the defendant to appear and show cause "why a preliminary and final injunction" should not issue for the purpose as alleged in the Complaint.

The defendant, in her Return to the Order to Show Cause why such injunctive orders should not be issued, alleged in substance that her egg and poultry business was operated on an extensive scale averaging a "daily amount of about $1000" and that she has thirty-five employees in such business. She further avers that the plaintiffs had already inspected her books and records on three different occasions—namely, January, 1945, on March 13, 1945, and on June 27, 1945—and that no necessity exists for an additional inspection as it would cause great hardship and irreparable injury in the operation of her business. The plaintiff, in counter-affidavits, averred in substance that defendant had denied the right of inspection.

This Return having been made, the circuit court without additional hearing or the taking of any testimony, relative to issues under the pleadings, entered a decree denying the request for the "preliminary and permanent injunction", but ordered an inspection as prayed for in the Complaint. It was further ordered:

"* * * that the above entitled suit be and the same is hereby ordered to remain open and pending upon the docket of this Court and that the plaintiff shall have the right to apply for relief against the defendant herein if the said defendant shall refuse to permit an inspection of her records as hereinabove ordered, and this order shall stand until further and other order of this Court."

In this suit for an injunction, the plaintiff sought certain relief. The court, in its decree, is quite inconsistent in that it denied the "preliminary and permanent injunction", yet ordered an inspection. What the court probably had in mind was that defendant should not be enjoined from operating her business, but that she should be compelled to submit to an inspection of her books and records. We pass the question as to the inconsistency and peculiar form of the decree, as we think there are other questions of more importance and which are determinative herein.

██ The decree, entered without the taking of any evidence relative to the reason for any inspection under the circumstances, was in the nature of a judgment on the pleadings. We think defendant was entitled to be heard on the issue of necessity of inspection. We are unable to agree with the federal administrative agency that it is the sole and final judge as to the necessity of an inspection under all circumstances. Would it be contended that there could be an inspection

every day in the week? In our opinion, it was never contemplated by Congress that a citizen in the operation of a legitimate business should be harassed and annoyed by unreasonable inspections. *Bowles v. Abendroth* (Ninth Circuit), 151 F. (2d) 407—citing *Hale v. Henkel*, 201 U. S. 43. These wartime restrictions should be enforced with a reasonable degree of common-sense and judgment. If there is no limit to inspections, an arbitrary and unreasonable administrative agent could easily destroy a legitimate business enterprise.

In the instant case, it is not claimed that defendant ever violated any price regulation in the sale or purchase of eggs and poultry. Neither is there any showing that plaintiff has reasonable grounds for believing that she is guilty of such practice. Since the decontrol order of November 12, 1946, defendant has not been subject to price regulations concerning the sale or purchase of commodities in which she deals.

■ As stated in 28 Am. Jur., Injunctions, § 20, and quoted with approval in *Hyland v. City of Eugene* 179 Or. 567, 173 P. (2d) 464; a mandatory writ "is not regarded with judicial favor and is used only with caution and in cases of great necessity." Although § 205 (c) of the Act confers concurrent jurisdiction upon the state courts, and § 205 (a) provides for the issuance of injunctive orders in the enforcement thereof, state courts have not surrendered or abdicated the broad and fundamental principles of equity pertaining to injunctive relief. Whether a mandatory injunction should issue still rests in the sound legal discretion of a court of equity.

■ Ordinarily, it is not essential to inspection that there be a showing of probable cause on the part of the administrative agency, *Hagan v. Porter*, 156 F.

(2d) 362; *Bowles v. Glick Bros. Lumber Co.* (Ninth Circuit), 146 F. (2d) 566, but we think the lack of such showing, if, in fact, several other inspections have been made, should cause a court of equity to be reluctant to grant such extraordinary relief.

The decree is reversed and the cause remanded with directions to hear and determine the issue of fact under the pleadings. If it is shown, as a matter of fact, that plaintiff has had three inspections as claimed by defendant, and there is no showing of probable cause for an additional inspection, the suit should be dismissed. Defendant is entitled to costs and disbursements.

KELLY, J., did not participate in this decision.