Argued September 10, 1968, writ denied January 29, 1969

# INTERNATIONAL TRANSPORTATION EQUIP-
## MENT LESSORS, INC. ET AL, *Petitioners,*
### *v.* BOHANNON, *Defendant.*

449 P. 2d 847

*Howard R. Hedrick*, Portland, argued the cause and filed a brief for petitioners.

*George G. Van Natta*, St. Helens, argued the cause for defendant. With him on the brief were Van Natta & Petersen, St. Helens.

Before PERRY, Chief Justice, and SLOAN, GOODWIN, HOLMAN and LUSK, Justices.

HOLMAN, J.

This is an original proceeding in mandamus in this court to compel the defendant, a circuit judge, to transfer a suit from Columbia to Clatsop County. Defendant filed a demurrer to the alternative writ.

A husband and wife by the name of Nelson brought suit in Columbia County praying for the cancellation of all instruments purporting to transfer ownership of real property in Clatsop County from them to petitioners because the consideration had not been paid for the transfer. Petitioners moved for a change of venue to Clatsop County, contending that the suit came within the provisions of ORS 14.040(1) and (5).[1] The

---

[1] "Actions and suits that are to be brought where subject is situated. Actions and suits for the following causes shall be

question is whether the alternative writ states grounds for relief.

In defense of his ruling refusing the change of venue, defendant contends that the suit by the Nelsons was not the kind of suit within the reach of the provisions of ORS 14.040. He also contends that, in any event, the writ failed to allege compliance with all the conditions necessarily precedent to its issuance. Because we believe the defendant's second contention is meritorious it will be unnecessary to consider his first.

■■ All material facts showing petitioners' clear right to the relief demanded must appear from the writ. The Oregon authority for this rule is revealed in *Johnson v. Craddock et al*, 228 Or 308, 322, 365 P2d 89 (1961):

> "The writ is the foundation for all subsequent proceedings in mandamus. It has the same function as a complaint in other actions and, therefore, must state all the material facts and show a clear right to the relief demanded. *Crawley v. Munson*, 131 Or 428, 435, 283 P 29; *United States of America v. Cohn*, 201 Or 680, 684, 272 P2d 982. The writ must reveal, at least *prima facie*, a clear and existing right in the petitioner and allege performance by the petitioner of all conditions precedent. *Paine v. Wells*, 89 Or 695, 699, 175 P 430; *Ross v. County Court of Marion*, 147 Or 695, 701, 35 P2d 484, *Crawley v. Munson*, supra, at 436; *State ex rel Bowles v. Olson*, 175 Or 98, 106, 151 P2d 723; and also negative the existence of facts excusing defendant's per-

commenced and tried in the county in which the subject of the action or suit, or some part thereof, is situated:

"(1) Actions for the recovery of real property, or an estate or interest therein, or for injuries to real property;

\* \* \* \* \*

"(5) Suits for the determination of an adverse claim, estate, or interest in real property, or the specific performance of an agreement in relation thereto."

fórmance. *Paine v. Wells*, supra, at 699; 35 Am Jur 94, Mandamus § 349."

■ One of the conditions precedent to the granting of a motion for change of venue is the filing by the moving party of an affidavit showing that the motion was not made for the purpose of delay. ORS 14.110 provides as follows:

"When place of trial may be changed. (1) The court or judge thereof may change the place of trial, on the motion of either party to an action or suit, when it appears from the affidavit of such party that the motion is not made for the purpose of delay and, either;

"(a) That the action or suit has not been commenced in the proper county; or,

"* * * * *

"(2) When the moving party in an action is a nonresident of the county, the affidavit above required may be made by any one on his behalf."

The alternative writ alleges the fulfillment of the above requirements as follows:

"That petitioners did file a motion, in conformance with ORS 14.110 et seq. for a change of venue of said suit from Columbia County to Clatsop County, Oregon."

■ A demurrer to an alternative writ of mandamus has the effect of admitting all well-pleaded facts therein. *State of Oregon ex rel v. Dobson*, 195 Or 533, 540, 245 P2d 903 (1952); *State ex rel v. Updegraff*, 172 Or 246, 250, 141 P2d 251 (1943). A demurrer does not, however, admit conclusions of law in such a writ. *State ex rel Burke v. Beveridge*, 112 Or 19, 22, 228 P 100 (1924); *State ex rel v. Williams*, 45 Or 314, 330, 77 P 965 (1904).

■ The allegation "in conformance with ORS 14.110 et seq" is the statement of a legal conclusion. In the

case of *Zimmerman v. Hoss,* 144 Or 55, 23 P2d 897 (1933), an alternative writ contained an allegation that petitioner had filed declarations of candidacy "within the period provided by law." The court said at 59-60:

> "In referring to the declarations of candidacy filed by the plaintiffs herein, the alternative writ states that the same were filed 'within the period provided by law'. This averment is a mere conclusion of law and is not admitted by the demurrers. It is for the court to say, from the facts alleged, whether or not these declarations were filed as required by law."

The fact that a particular statute was cited in the present case does not give rise to a meaningful distinction between the present situation and the one in *Zimmerman.* We, therefore, hold that the present writ has no adequate allegation showing that petitioners filed an affidavit to the effect that the motion for change of venue was not made for the purpose of delay. Also see *State ex rel v. Williams, supra,* at p 330.

■ Even though a party has been sued in the wrong county, he has no immediate right to have the suit remanded to the proper county by a change of venue until he has filed an affidavit alleging that he is not moving for a change of venue for the purpose of delaying the proceedings and facts showing that the action was commenced in the wrong county. Without it having been adequately alleged that such an affidavit was filed, petitioners have failed to "state all the material facts and show a clear right to the relief demanded." *Johnson v. Craddock, supra,* at page 322. Nor did they "negative any facts which * * * might defeat his right to maintain the action." *Paine v. Wells,* 89 Or 695, 699, 175 P 430 (1918).

The writ having failed to state facts sufficient to entitle petitioners to relief, the writ is denied.