Argued October 30, affirmed December 26, 1975

# HICKMAN ET UX, *Appellants, v.* SIX DIMENSION CUSTOM HOMES, INC., *Respondent.*

543 P2d 1043

*Paul D. Schultz,* of Hibbard, Caldwell, Canning, Bowerman & Schultz, Oregon City, argued the cause and filed a brief for appellants.

*John C. Hutchison,* of Biggs, Hutchison & Hammond, Oregon City, argued the cause and filed a brief for respondent.

HOLMAN, J.

This is a suit for a mandatory injunction to remove three residences built in Clackamas County by defendant. Plaintiffs appeal from a decree for defendant.

The facts and exhibits which the court may consider are stipulated by the parties. Defendant is the owner of a tract that has been platted into a three lot subdivision. Access is via a 20-foot-wide private easement which connects the subdivision with a public street. Plaintiffs own and live upon property which is 113 feet from defendant's subdivision. The only access to their property is by the public street which is the outlet for the private easement from the subdivision. At the time in question, the Clackamas County Subdivision Regulations required that each lot in a subdivision must abut upon or have adequate access to a public right-of-way and conform to the minimum requirements of the applicable zoning districts. The area in which the subdivision is located is zoned to require lots to have a minimum street frontage of 60 feet except that no street frontage is required when the lot fronts upon an approved, platted private road. The county subdivision regulations also provide that the county planning commission may, in its discretion, waive lot frontage requirements. Lots in defendant's subdivision have no street frontage except insofar as they are connected to the street by the private easement.

Defendant submitted its preliminary plat of the proposed subdivision to the planning commission for its approval. The planning commission approved the preliminary plat, but no notice was given to plaintiffs prior to granting such approval nor was any public hearing held. When defendant submitted the plat for final approval, the commission refused to grant it and advised defendant to apply to the Board of Adjustment for a variance of the street frontage requirement. In response to defendant's application for a variance, the Board of Adjustment held a hearing, at which plaintiffs appeared and which resulted in the board's denying defendant's request.

Following the denial of the variance, defendant brought a proceeding in mandamus against the planning commission to require approval of the plat. The result of this litigation was a court order requiring the planning commission to approve the plat since the commission was held to have waived the 60-foot frontage requirement by its act of approving the preliminary plat. Subsequently, a similar proceeding against the county commissioners resulted in their approval of the plat. Plaintiffs were not parties to either of these proceedings.

In entering a decree for defendant in the present case, the trial judge held that the plaintiffs were in privity with the planning commission in the prior litigation between defendant and the commission in that the commission was the representative of plaintiffs' interests and, therefore, they were collaterally estopped from litigating similar issues in this case. Thereafter, defendant commenced construction of the three houses which plaintiffs seek to remove by this proceeding. At the time this suit was filed defendant had rough graded all three sites and had poured the foundation for one of the houses. After commence-

ment of the suit defendant completed construction of all three houses.

Plaintiffs admit that the issues in this case are similar to those litigated between defendant and the planning commission but contend collateral estoppel is not applicable. Also, plaintiffs contend that the planning commission could not waive the requirement of the subdivision ordinance for public access and the requirement of the zoning ordinance for frontage on a public street by its approval of defendant's preliminary plat since no public notice was given or public hearing held prior to approval of the plat. Defendant, in turn, contends there is no statute or regulation requiring such public notice or hearing before approval. Plaintiffs respond that due process requires such notice and hearing regardless of the provisions of the ordinances.

Plaintiffs contend in their complaint that their property has been affected by the construction of the houses by defendant because of (1) increased traffic on the public street leading to their residence; (2) increased drainage from defendant's properties onto plaintiffs' property; and (3) increased density of the neighborhood. There is no proof from which it could be inferred that any increased drainage has been caused to flow across plaintiffs' property. Although the density of the neighborhood increased there is no proof that the square footage of any of the lots upon which houses were built is less than that permitted by any zoning ordinance. There remains the fact that three additional homes in the area will generate an increase in traffic upon the public street which plaintiffs must use as access to their property.

█ It is unnecessary for us to decide all of the questions raised in this case. Assuming, but not deciding, that plaintiffs are entitled to some relief, it is incum-

bent upon the court to decide whether the extraordinary relief of a mandatory injunction directing removal should equitably be granted. Mandatory injunctions are not regarded with judicial favor and are used only with caution and in cases of great necessity. *Fleming, Administrator, v. Fossati,* 180 Or 489, 493, 177 P2d 425 (1947); *Hyland v. City of Eugene,* 179 Or 567, 574, 173 P2d 464 (1946). Injunctive relief depends upon broad principles of equity and may, in the discretion of the court, be granted or denied in accordance with the justice and equity of the case. *Hyland v. City of Eugene, supra* at 573. Courts balance the equities between the parties in determining what, if any, relief to give. This rule was recognized in *York et ux v. Stallings et al,* 217 Or 13, 22-23, 341 P2d 529 (1959), in which we said:

> "* * * The court may refuse an injunction in certain cases where the hardship caused to the defendant by the injunction would greatly outweigh the benefit resulting to the plaintiff. The injunction does not issue as a matter of absolute or unqualified right but is subject to the sound discretion of the court. Although the authorities have not uniformly adopted the comparative injury doctrine, we are convinced that it represents the better rule."

■ Balancing the equities in the instant case leads us to conclude that the inconvenience of a small amount of additional traffic on a public street does not justify the drastic form of relief requested by plaintiffs. The court must also take into consideration the fact that defendant could have terminated its construction at a relatively early stage and, thus, lessened the seriousness of the predicament in which it now finds itself. However, as long as it had actually commenced construction upon the property before being notified of plaintiffs' suit, with all the preparations that com-

mencement of construction implies, we believe that equity does not now require the destruction or removal of the homes. Plaintiffs recognize they could have asked for monetary relief in the absence of the court's granting a decree for the removal of the houses. However, they have knowingly refrained from seeking such alternative relief and have staked their all on convincing the court that it should grant the more drastic remedy. This they have failed to do.

Defendant has raised a question of plaintiffs' standing to bring this proceeding. Because of the manner of our disposition of the case, it is unnecessary for us to decide this question.

The decree of the trial court is affirmed.