Argued and submitted March 2, affirmed July 8, 1992

# SEAGROVE OWNERS ASSOCIATION,
*Respondent,*

*v.*

## John SMITH
## and Georgeann Smith,
*Appellants.*

(90-0025; CA A69377)

834 P2d 469

Michele Longo Eder, Lincoln City, argued the cause for appellants. With her on the briefs was Longo Eder & Lovejoy, Lincoln City.

Frederick J. Ronnau, Lincoln City, argued the cause for respondent. With him on the brief were Russell L. Baldwin and Kulla & Ronnau, P.C., Lincoln City.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

**WARREN, P. J.**

Plaintiff (Seagrove) brought this action against defendant property owners for breach of a restrictive covenant with a prayer for injunctive relief. The trial court issued the injunction and awarded plaintiff costs and attorney fees. Defendants appeal. We review *de novo* and affirm.

Seagrove is a planned development, and all lots are sold subject to a series of covenants, conditions and restrictions. The restrictions at issue in this case require all lots to have a garage, all buildings to have a 7.5-foot setback from each lot line and buildings on neighboring lots to be at least 15 feet apart. Defendants purchased an unimproved lot in March, 1989, intending to place a manufactured home on it. They hired a contractor to lay out the site for the home and the garage. Defendants pointed out to the contractor an exposed metal pole, which they assumed was the corner of their lot. The pole was, in fact, a telephone ground rod.

The contractor laid out the building site, apparently without measuring the lot to find the true corners. Sometime during pouring of the footings and erecting of the stringers for the garage, the contractor discovered that he had used an erroneous corner marker. He then contacted a representative of the Design Committee (Committee), which had responsibility for enforcing the restrictions. The representative told the contractor to cease construction until defendants had approval from the Committee. At that time, defendants or the contractor could have measured the distance from the planned garage and the planned location of their neighbor's home and discovered that the two structures were only 13.6 feet apart. Additionally, the garage was only 4.1 feet from the true property line and 7 feet from the erroneous line.

At trial, defendants conceded that there was a setback violation. However, they argued that the Committee gave them permission to complete the garage and then waived enforcement of the covenant by waiting 6 months before ordering defendants to remove it. The trial court found that there was no credible evidence that anyone on the Committee gave defendants approval to continue with a construction

project that clearly violated the Seagrove development rules or waived enforcement of those rules.[1]

■    We agree with the trial court. Any request for a variance from a plot plan or from Seagrove's covenants had to be approved by the Committee in writing. All parties agree that the Committee did not give defendants written permission to build their garage in violation of the setback requirements. Even if individual members of the Committee did give defendants permission to continue with the construction of their garage (which plaintiff strongly denies), that is of no import. There is nothing in Seagrove's rules allowing for an oral waiver of the covenants by individual members of the Committee or, even, by the whole Committee. Consequently, Seagrove did not waive enforcement of the setback requirement for defendants' garage.

■    Defendants also argue that the benefit to Seagrove from the enforcement of the rules is outweighed by the harm to them if they are required to comply with the setback requirement. Therefore, they argue, relying on *Tauscher v. Andruss*, 240 Or 304, 401 P2d 40 (1965), the court should not have issued an injunction ordering defendants to correct the violation. Defendants introduced evidence that the violation was not noticeable from the street. Also, although plaintiff retains an easement for utilities and trails over a portion of every lot in Seagrove, there was no evidence that plaintiff would not be able to put a trail on the 13.5 feet between defendants' garage and their neighbor's house. On the other hand, defendants contend that their harm is great: It will cost them between $9,000 and $10,000 to move the garage.

---

[1] The trial court stated in its opinion:

"There is strong disagreement as to whether [the representative from the Committee] gave approval for [defendants' contractor] to go ahead and complete the structure even though it was in clear violation of * * * the [development's covenants]. The court finds there is no credible evidence that [the Committee representative] or anyone else ever gave permission for the construction to proceed. The * * * [development's covenants] all clearly indicate any changes had to be approved in writing by the Design Committee. Although [the defendants' contractor] may have misunderstood what [members from the Committee] stated, there is no believable evidence that [the contractor] was told to go ahead with construction in clear violation of the Seagrove development rules. [The contractor], as well as [defendants], knew that any request for a variance from a plot plan had to be approved by the Committee and be in writing."

In *Swaggerty v. Petersen*, 280 Or 739, 747, 572 P2d 1309 (1977), the Supreme Court held that, "under the proper circumstances," courts should consider the relative hardships of the parties before ordering removal of an encroaching structure. In that case, the court declined to weigh the relative hardships, because the defendant was responsible for most, if not all, of the difficulty of dismantling and moving two houses. Similarly, we conclude in this case that the harm to defendants results in major part from their contractor's decision to proceed in knowing violation of the restrictions.

■ Defendants also appear to argue that, because the Committee had approved other setback variances, both immediately before and after the construction of defendants' garage, the reason that plaintiff sought the injunction is not because the setback regulations are important, but because defendants failed to get permission before constructing their garage. That argument is without merit. Defendants have not shown that other violations are so general and pervasive as to result in a change in the nature of the development justifying a finding that the general plan embodied in the restrictions has been abandoned. *See Swaggerty v. Peterson, supra*, 280 Or at 746.[2]

Affirmed.

---

[2] Defendants also appeal the court's award of attorney fees but concede that plaintiff is entitled to the fees if we affirm on the merits.