Submitted February 12, supplemental judgments vacated; appeal of supplemental judgments dismissed; otherwise affirmed in part, reversed in part, and remanded for further proceedings December 29, 2010

Larry D. LeVASSEUR
and Theta LeVasseur,
*Plaintiffs-Appellants,*

*v.*

Lowell ARMON,
Donna Armon,
Board of Directors of High Lostine Owners' Association,
and The High Lostine Owners' Association,
*Defendants-Respondents,*

*and*

Nancy CLARKE,
Bert Cook, Greg Goldberg,
Gay Bienke, and Bruce Coutant,
*Defendants.*

Wallowa County Circuit Court
060812734; A137771

246 P3d 1171

Ronald D. Schenck filed the brief for appellants. On the reply brief was Wes Williams.

Martin Leuenberger and Coughlin, Leuenberger & Moon, P.C., filed the brief for respondents Lowell Armon and Donna Armon.

Lisa T. Hunt, Michelle K. McClure, and Landye Bennett Blumstein LLP filed the brief for respondents Board of

Directors of High Lostine Owners' Association and The High Lostine Owners' Association.

Before Sercombe, Presiding Judge, and Brewer, Chief Judge, and Breithaupt, Judge pro tempore.

SERCOMBE, P. J.

## SERCOMBE, J.

Plaintiffs own a residential lot in a planned community that is regulated by the Oregon Planned Community Act. ORS 94.550 - 94.783. Plaintiffs brought suit against another lot owner, the Armons, and the homeowners' association for the planned community, the High Lostine Owners' Association (association).[1] The complaint asserted various claims related to the covenants, conditions, and restrictions (CCRs) of record for the lots. Plaintiffs alleged that the Armons were violating several provisions of the CCRs. Plaintiffs sought a writ of mandamus and, alternatively, a mandatory injunction to compel the association to enforce the CCRs against the Armons. In addition, plaintiffs alleged a claim for injunctive relief against the Armons and a claim for intentional infliction of severe emotional distress (IIED) against Lowell Armon. The association and the Armons moved to dismiss the complaint under ORCP 21 A(8) for failing to state ultimate facts sufficient to constitute claims. On the IIED claim, the Armons alternatively moved to make more definite and certain the pleading. The trial court ultimately dismissed all claims, entered judgments in favor of defendants, and entered supplemental judgments awarding attorney fees to defendants. Plaintiffs appeal each of those judgments. We affirm in part and reverse in part, but vacate the supplemental judgments of attorney fees for procedural deficiencies as discussed below.

■■ "In reviewing a trial court ruling on a motion to dismiss for failure to state a claim for relief, ORCP 21 A(8), we accept as true all of the allegations and give the nonmoving party the benefit of all favorable inferences that can be drawn

---

[1] Plaintiffs initially brought suit against the association's board of directors—both individually and collectively—but the court subsequently ruled that the board and its members were not proper parties and ordered that the corporate entity—the association—be substituted in their place as a named defendant. Plaintiffs do not assign that order as error, and thus we do not address it. ORAP 5.45. Instead, plaintiffs assign as error the trial court's "ruling" that service on one member of the board was insufficient to effect service on the board as a whole. However, the trial court made no such ruling. Rather, the court explicitly stated that, in light of its order that the association replace the board as a defendant, the service issue was "moot" and asked, "What's the purpose of me ruling on that?" Consequently, the service issue is not properly before us, and we do not address it. In any event, because we affirm the dismissal of the claims against the association, it is unnecessary to decide the issues related to the board.

from those allegations." *American Fed. Teachers v. Oregon Taxpayers United*, 345 Or 1, 18, 189 P3d 9 (2008) (citing *Bailey v. Lewis Farm, Inc.*, 343 Or 276, 278, 171 P3d 336 (2007)). Here, we determine whether the allegations in plaintiffs' pleading, taken together with any reasonable inferences drawn from those allegations, state a claim as a matter of law. *State ex rel Glode v. Branford*, 149 Or App 562, 565, 945 P2d 1058 (1997), *rev den*, 326 Or 389 (1998).

Plaintiffs, in their third amended petition and complaint,[2] alleged that the Armons were violating the CCRs and that the homeowners' association had failed to effectively enforce those CCRs against the Armons despite requests to do so.[3] In addition, plaintiffs alleged that defendant Lowell Armon had intentionally caused plaintiffs severe mental and emotional distress by engaging in a variety of outrageous conduct calculated to aggravate their poor health, force them to move, and dissuade them from enforcing the CCRs.

---

[2] Plaintiffs set forth all of their causes of action—the petition for a writ of alternative and peremptory mandamus, claims for injunctive relief, and tort claim—in a single pleading. The alternative writ—which issues on petition and requires a defendant to show cause why a peremptory writ should not issue—is considered the complaint for purposes of whether a relator states a claim for a writ of mandamus. *See* ORS 34.130(3) (writ shall be allowed on the petition); ORS 31.150(2) (alternative writ); ORS 34.190 (pleadings for purposes of mandamus proceedings); *State ex rel. Bethke v. Bain*, 193 Or 688, 694-95, 240 P2d 958 (1952) (writ serves as complaint); *International Trans. v. Bohannon*, 252 Or 356, 358, 449 P2d 847 (1969) (same). Here, the petition was incorporated by reference into the alternative writ. Thus, we will consider the petition in assessing whether the writ was properly dismissed.

[3] Specifically, plaintiffs alleged the following violations of the CCRs on one or both of the Armons' lots: (1) unapproved construction of an outbuilding, which was not a residential unit or an improvement normally accessory thereto, in violation of section 10.1 of the CCRs (limitations on improvements); (2) operation of a sawmill to produce logs and building materials for use outside the subdivision in violation of section 10.2 of the CCRs (nonresidential use limitations); (3) permitting the lots' appearance to become inconsistent with the natural surroundings by cutting large trees, keeping inoperative vehicles in plain sight, stacking garbage for months, and leaving sawmill tailings in plain sight in violation of section 10.3 of the CCRs (landscaping and maintenance requirements); (4) operation of a sawmill resulting in noise, dust, and traffic in violation section 10.5.1 of the CCRs (limitation on offensive activities); (5) failure to enclose parked farm, landscaping, and construction machinery and equipment within a garage or screened area in violation of section 10.5.3 of the CCRs (parking limitations); (6) failure to remove vehicles in a state of disrepair in violation of section 10.5.4 (limitations on parked or abandoned vehicles in disrepair); and (7) accumulation of rubbish and trash over extended periods of time in violation of section 10.5.5 of the CCRs (limitations on rubbish and trash).

Plaintiffs requested the following relief: (1) an alternative writ of mandamus and permanent writ of mandamus against the homeowners' association to compel it to enforce the CCRs against the Armons; (2) alternatively, a mandatory injunction against the association to compel it to enforce the CCRs against the Armons; (3) a preliminary and permanent injunction restraining the Armons from ongoing violations of the CCRs and enjoining future violations;[4] and (4) damages against Lowell Armon in the amount of $100,000 for intentional infliction of emotional distress.

The homeowners' association filed motions to dismiss the claims against it for failure to state a claim under ORCP 21 A(8) and ORS 34.170.[5] The trial court granted the motion to dismiss the writ of mandamus, concluding that the association had no legal duty to enforce the CCRs and that mandamus could not issue to compel performance of a discretionary act. The trial court further concluded that plaintiffs had a "plain, speedy, and adequate remedy at law" that precluded the issuance of the peremptory writ. The trial court also granted the association's motion to dismiss plaintiffs' claim for a mandatory injunction, but did not articulate its reasons for doing so. Because all claims against the association had been dismissed, the court entered limited judgments in favor of the association, its board of directors, and the directors individually,[6] and awarded attorney fees to each of those defendants in supplemental judgments.

At about the same time, defendants Armon moved to strike plaintiffs' claim for injunctive relief and to dismiss or, alternatively, make more definite and certain, plaintiffs' tort claim. The trial court dismissed the claim for injunctive relief and granted the motion to make more definite and certain

_____

[4] We note that a preliminary injunction is provisional relief issued by order and is properly applied for by a motion rather than as a claim in the pleadings. ORCP 79 D; ORCP 14 A. Consequently, in their reply brief plaintiffs narrow their assignment of error concerning this claim to a question of whether they stated a claim for a permanent injunction.

[5] ORS 34.170 provides that "the defendant on whom the writ was served may show cause by motion to dismiss or answer to the writ, in the same manner as to a complaint in an action."

[6] As noted, the trial court had already dismissed the board and the individual directors and had substituted the association as the proper party.

plaintiffs' tort claim, giving plaintiffs leave to amend the complaint. Plaintiffs, however, stood on their pleading, and the court consequently struck the tort claim from the complaint. The court, having dismissed all claims, entered a general judgment in favor of the Armons and awarded attorney fees to the Armons on the injunction claim.

On appeal, plaintiffs challenge the dismissal of each of their claims. They contend, first, that the writ of mandamus was improperly dismissed because the homeowners' association has a nondiscretionary duty under "ORS 94.550 et seq." to enforce the CCRs against offending homeowners. Moreover, plaintiffs contend that there is no "plain, speedy and adequate remedy in the ordinary course of the law" because actions for damages would require a multiplicity of suits and the only possibility of complete relief is through an action in equity—namely, an injunction. Plaintiffs therefore assert that a writ of mandamus should issue to compel the association to enforce the CCRs against the Armons. Because we conclude that the association has no clear legal duty to perform the act requested, as required for issuance of a writ of mandamus under ORS 34.110, we affirm the trial court's dismissal of plaintiffs' writ. Thus, we need not decide whether plaintiffs have a "plain, speedy and adequate remedy in the ordinary course of the law."

ORS 34.110 provides:

"A writ of mandamus may be issued to any inferior court, corporation, board, officer or person, to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust or station; but though the writ may require such court, corporation, board, officer or person to exercise judgment, or proceed to the discharge of any functions, it shall not control judicial discretion. The writ shall not be issued in any case where there is a plain, speedy and adequate remedy in the ordinary course of the law."

A writ of mandamus is an extraordinary remedy, the primary purpose of which "is to enforce an established right, and to enforce a corresponding imperative duty created or imposed by law." *State ex rel Dewberry v. Kulongoski*, 346 Or 260, 267,

210 P3d 884 (2009) (internal quotation marks and citations omitted). Mandamus "will never issue unless the duty sought to be enforced is one legally defined. Neither will it issue where there is a plain, speedy, and adequate remedy in the ordinary course of law." *State ex rel. Bethke v. Bain,* 193 Or 688, 704-05, 240 P2d 958 (1952). Although mandamus may compel the exercise of discretion where there is a positive duty to do so, it will not direct the manner in which the discretion will be exercised. *State ex rel Bldg Council v. Bureau of Labor,* 61 Or App 22, 29, 656 P2d 325 (1982). Moreover, mandamus will not lie where there is no duty to exercise discretion in the first instance. *Id.* (agency commissioner's statutory authority to enforce the wage claim statute was couched in discretionary terms and thus there was no duty to exercise enforcement powers as necessary for issuance of mandamus).

■ In defending their complaint before the trial court, plaintiffs did not identify any legal duty ("act which the law specially enjoins") requiring the association to enforce the CCRs. In fact, plaintiffs' petition does not allege any statutory duty except to assert that "ORS 94.625 et seq. * * * govern the actions" of the association. On appeal, plaintiffs now cite a number of statutory provisions in the Oregon Planned Community Act, ORS 94.550 to 94.783, that they contend impose such a duty on the association. Even assuming that plaintiffs' general allegation below was sufficiently specific to invoke more discrete statutory provisions cited on appeal, *see International Trans. v. Bohannon,* 252 Or 356, 358, 449 P2d 847 (1969) (writ must contain all material facts showing a clear and existing right to the relief demanded), none of those statutes demonstrate any legal duty on the part of the homeowners' association to enforce the CCRs. Instead, those provisions, where relevant at all, merely grant a homeowners' association the discretionary authority to bring an enforcement action,[7] require owners to comply with the CCRs,[8] or

[7] ORS 94.630(1)(e) provides that "a homeowners association *may* * * * initiate or intervene in litigation" in a number of matters affecting homeowners. (Emphasis added.)

[8] ORS 94.777 provides that "[e]ach owner * * * shall comply with * * * the covenants, conditions and restrictions in the declaration or in the deed to the lot.

provide remedies in the event of a statutory violation.[9] That the association *may* bring an enforcement action does not demonstrate that it is legally compelled to do so.

■ Plaintiffs also cite, both in their petition and on appeal, the CCRs themselves to support the proposition that the association has a legal duty to enforce its provisions. Mandamus is not a vehicle to compel performance of a purely contractual obligation. *See Turudic v. Stephens*, 176 Or App 175, 185, 31 P3d 465 (2001) (CCRs are contractual); *Peterson v. Lewis*, 78 Or 641, 648, 154 P 101 (1916) ("[S]ince the object of the writ is to enforce duties created by law, it will not lie to enforce private contracts * * *. Where, however, a contract involves an official duty, the rule is otherwise, since that is one of the grounds for the issuance of the writ."). Accordingly, enforcement of the CCRs is not "an act which the law specially enjoins" under ORS 34.110 and, thus, the trial court properly dismissed plaintiffs' writ of mandamus.

Plaintiffs next assign error to the trial court's dismissal of their claim for a mandatory injunction against the homeowners' association. Plaintiffs argue that they have alleged facts that, if true, establish that the association has failed to perform its duty to enforce compliance with the CCRs and that they have no adequate remedy at law. The association responds that it has no legal duty to enforce the CCRs, that plaintiffs suffered no irreparable harm, and that plaintiffs have not specified what enforcement action should be compelled. We agree that the pleading has not properly alleged that the association breached any duty under the CCRs.

■ ■ "Mandatory injunctions are but rarely issued and should be issued only in extreme cases and where the right to such relief is clear." *State ex rel. v. Mart*, 135 Or 603, 613, 295 P 459 (1931); *see also Hickman v. Six Dimen. Cust. Homes*,

---

Failure to comply therewith shall be grounds for an action maintainable by the homeowners association or by an aggrieved owner."

[9] ORS 94.780(1) provides, in part, "Failure of the * * * association, any association member or any other person subject to ORS 94.550 to 94.783 to comply with applicable sections of ORS 94.550 to 94.785 shall be cause for suit or action to remedy the violation or to recover actual damages." Nowhere in ORS 94.550 to 94.785 is there a duty imposed on the homeowners' association to enforce the CCRs.

273 Or 894, 898, 543 P2d 1043 (1975) ("Mandatory injunctions are not regarded with judicial favor and are used only with caution and in cases of great necessity."). In order to issue an injunction, the injury for which plaintiff seeks relief must be irreparable, *i.e.*, there must be no adequate remedy at law. *Vance v. Ford*, 187 Or App 412, 420-21, 67 P3d 412 (2003); *see also Wiegand v. West*, 73 Or 249, 254-57, 144 P 481 (1914) (injunction will not issue where remedy at law is adequate). Moreover, there must be an appreciable threat of continuing harm. *Bates v. Motor Vehicles Div.*, 30 Or App 791, 794, 568 P2d 686 (1977); *see also McCombs et al v. McClelland*, 223 Or 475, 485, 354 P2d 311 (1960) (danger must be probable or threatened).

■     Thus, a claim for injunctive relief based on a breach of CCRs requires a showing that defendants failed to perform an obligation under the CCRs, that such breach will cause future harm, and that monetary damages are an inadequate remedy. *See, e.g., Glover v. Santangelo*, 70 Or App 689, 693-94, 690 P2d 1083 (1984), *rev den*, 298 Or 705 (1985) (the defendant's violation of a provision of the CCRs was grounds for an injunction where he was obligated to comply with the provision and monetary damages would be difficult to determine).

■     Here, plaintiffs' pleading is deficient. Plaintiffs cite section 12.4 of the CCRs as imposing a duty on the association to enforce the CCRs. That provision simply states that the association and any owner "shall have the *right* to enforce all of the [CCRs]." It does not describe a *duty* to do so. Plaintiffs recognize the discretionary character of that authority when they state in their petition, "Pursuant to Section 12.4, the [association] and any owner * * * *may* take such legal or equitable action necessary and appropriate to compel compliance with the [CCRs]." (Emphasis added.) That provision does not create an enforcement obligation. In the absence of any obligation, plaintiffs did not properly allege grounds for relief against the association in the form of an injunction or otherwise. Thus, the trial court properly dismissed plaintiffs' claim for injunctive relief against the association.

■     Plaintiffs next assign error to the trial court's dismissal of their claim for a permanent injunction against the

Armons to prevent future violations of the CCRs. We agree with plaintiffs that that claim was well pleaded. Our cases recognize that injunctive relief is a remedy for a breach of a CCR. *See, e.g., Seagrove Owners Assn. v. Smith*, 114 Or App 45, 834 P2d 469 (1992) (affirming injunctive relief for breach of restrictive covenant); *Glover*, 70 Or App at 693-94 (same). Again, a claim for injunctive relief based on a breach of CCRs requires a showing that the defendant failed to comply with the CCRs, that that breach will cause future harm, and that monetary damages are an inadequate remedy. Here, plaintiffs alleged that the Armons had violated and continued to violate several specified provisions of the CCRs despite requests to cease their offending activity; that the Armons were obligated to comply with the CCRs; and that plaintiffs had no adequate remedy at law. Taking their allegations as true, together with all favorable inferences, their claim for injunctive relief based on the Armons' breach of the CCRs does state ultimate facts constituting a claim. Thus, the trial court erred in granting the motion to dismiss for failure to state a claim.

Plaintiffs also assign as error the trial court's dismissal of their IIED claim against Lowell Armon. Both parties have assumed that the trial court dismissed plaintiffs' IIED claim for failure to state ultimate facts sufficient to constitute a claim under ORCP 21 A(8), and their arguments on appeal are framed accordingly. However, the record reveals that the trial court in fact struck plaintiffs' claim for failure to amend the complaint after the court had granted the Armons' motion to make more definite and certain under ORCP 21 D. That rule provides that

> "the court may require the pleading to be made definite and certain by amendment when the allegations of a pleading are so indefinite or uncertain that the precise nature of the charge, defense, or reply is not apparent. If the motion is granted and the order of the court is not obeyed * * *, the court may strike the pleading to which the motion was directed or make such order as it deems just."

Plaintiffs were given leave to amend their complaint. Nonetheless, plaintiffs stood on their pleading, believing that the "nature of the charge [was] clear" from the complaint and that the motion was granted in error. As a result, the trial

court struck the claim from the complaint "due to plaintiffs' refusal to amend based on the court's grant of leave" to do so. The court subsequently entered a general judgment dismissing the case because there were no remaining claims.

On appeal, plaintiffs do not assign error to the trial court's underlying order granting the motion to make more definite and certain, and thus we express no opinion on its merit. Nor do they properly assign error to the court's order striking the IIED claim for failure to replead. Instead, they argue that the trial court erroneously dismissed their IIED claim for failure to state ultimate facts sufficient to constitute a claim. However, as noted, the court did not dismiss the claim for that reason. Rather, the court dismissed all of the claims against the Armons because no operative complaint remained after the IIED claim was stricken from the pleading. *See* ORCP 25 A ("In all cases where part of a pleading is ordered stricken, the pleading shall be amended in accordance with Rule 23 D."); ORCP 23 D (an amendment "shall be done by filing a new pleading" or by "interlineation [or] deletion" and the "amended pleading shall be complete in itself, without reference to the original or any preceding amended one"); *Olson v. Howard*, 237 Or App 256, 261-64, 239 P3d 510 (2010) (where the court granted a motion striking portions of the pleading and the plaintiff refused to replead, a judgment dismissing the case was proper because no functioning complaint was extant). Because the trial court dismissed the IIED claim on grounds that plaintiffs have not assigned as error, we will not review the court's ruling on that claim. ORAP 5.45.

█ Plaintiffs lastly assign as error the trial court's award of attorney fees to the association, its board of directors, and the Armons. A supplemental judgment awarding attorney fees is not valid or appealable where it is predicated on a limited judgment and entered before entry of a general judgment. ORS 18.005(17); *Interstate Roofing, Inc. v. Springville Corp.*, 217 Or App 412, 426-27, 177 P3d 1 (2008), *adh'd to as modified on recons,* 224 Or App 94, 197 P3d 27 (2008), *aff'd in part and rev'd in part on other grounds,* 347 Or 144, 218 P3d 113 (2009). Here, although the award of attorney fees to the Armons was included in a general judgment, the awards of attorney fees to the association and its board

were contained in supplemental judgments entered before the general judgment was rendered. Those supplemental judgments, instead, were predicated on limited judgments. Accordingly, the supplemental judgments awarding attorney fees to the association and its board must be vacated and that portion of the appeal dismissed. In light of our disposition of the other claims, we reverse the award of attorney fees to the Armons.

In sum, the trial court properly dismissed plaintiffs' claims against the homeowner's association and the tort claim against Lowell Armon, but erred in dismissing the claim for injunctive relief against the Armons.

Supplemental judgments vacated; appeal of supplemental judgments dismissed; otherwise affirmed in part, reversed in part, and remanded for further proceedings.