Submitted August 31, reversed and remanded with instructions
October 30, 1978

STATE ex rel WATSON, *Appellant,*
*v.*
RADER et al, *Respondents.*
(No. 7280, CA 9651)
585 P2d 759

James A. Redden, Attorney General, Al J. Laue, Solicitor General, and William F. Nessly, Jr., Assistant Attorney General, filed the briefs for appellant.

Riney J. Seeger, Burns, filed the brief for respondents.

Before Schwab, Chief Judge, Johnson, Gillette and Roberts, Judges.

GILLETTE, J.

## GILLETTE, J.

Pursuant to ORS 34.110-34.240, petitioner applied to the Circuit Court for Harney County for an alternative writ of mandamus ordering the county court and sheriff to comply with ORS 169.075(9) by installing in the Harney County Jail a proper electrically supervised fire detection and alarm system or, in the alternative, to close the Harney County Jail. From an order denying the alternative writ of mandamus, petitioner appeals. We reverse.

On May 8, 1975, an investigator of the State Fire Marshal's office inspected the Harney County Jail and determined that the facility was in violation of § 909 of the Uniform Building Code for failure to have a "product of combustion detector" in its three detention areas with an alarm panel located in the jailer watchroom. After an extended period in which compliance was requested by the Corrections Division and refused by the county court, petitioner instituted this action.

At the hearing Judge Dale White of the Harney County Court testified that the county had installed battery operated smoke and heat detectors in the jail. Leonard Stender, Deputy State Fire Marshal, testified that the present jail fire detection system, which is composed of detectors designed for residential use, does not meet the standards of the Uniform Building Code for jail facilities.

After hearing testimony the trial judge denied the writ. His order, as well as remarks from the bench, indicated that he could not find a clear legal duty in respondents since it was necessary to produce experts just to establish what was meant by certain provisions of the Uniform Building Code.

The respondents make no issue of the right of the relator, as director of the Corrections Division, to bring this action, nor of their designation as respond-

ents. The sole issue is the existence of a duty on their part which the law will require them to perform.

■ Petitioner must show a clear legal right to performance of the duty sought to be enforced, *State ex rel v. Dobson,* 171 Or 492, 498, 135 P2d 794, 137 P2d 825 (1943), and the duty to be enforced must devolve upon respondent. *Parks v. Tillamook County Commissioners,* 11 Or App 177, 199-200, 501 P2d 85, *rev den* (1973).

Here the state claims a right to the county court's performance of the duty to comply with ORS 169.075(9).

ORS 203.120(1) provides:
> "The county court has the authority and powers pertaining to county commissioners to transact county business, as follows:
>
> "(1) To provide for the erection and repairing of courthouses, jails and other necessary public buildings for the use of the county."

Once the county court has exercised that authority by establishing a local correctional facility, the terms of ORS 169.075(9) apply:
> "Each local correctional facility shall:
> "* * * * *
>
> "(9) Keep the facility safe and secure in accordance with Uniform Building Code of the International Conference of Builders."

Under the Uniform Building Code, local correctional facilities are classified as Group I Occupancies:
> "Group I Occupancies shall be:
>
> "Division 3. Mental hospitals, mental sanitariums, jails, prisons, reformatories, and buildings where personal liberties of inmates are similarly restrained." Uniform Building Code § 901 (Or Dept. Commerce, Bldg, Codes Div. amended edition, 1976).

Uniform Building Code § 909 sets forth the fire alarm requirements for Group I Occupancies:
> "An approved electrically supervised fire alarm and

detention system shall be provided for all Group D [sic] Occupancies. Audible alarm devices shall be capable of being heard throughout the building. All patient, inmate, or guest bedrooms, operating rooms, x-ray rooms, delivery rooms, nurseries, cardiac and intensive care rooms shall be provided with an electrically supervised automatic particles of combustion detection system and annunciation approved by the State Fire Marshal. Particles of combustion detection shall be included in the exit system of Division IV Occupancies.

"Annunciator panels or alarm equipment must be so arranged to provide the most direct alerting of the person or persons immediately responsible for the protected room, zone, or area. Annunciation of individual room detectors shall include:

"A. An annunciator panel located at a continuously manned station on each floor, or

"B. A detector activated readily visible light over the hallway side of the patient room in combination with zone lights at the continuously manned station on each patient occupied floor."

What the *law* requires is patent: The Harney County Jail must in all respects conform to applicable portions of the Uniform Building Code of the International Conference of Builders. ORS 169.075(9). Neither is there any question as to whether the portion of the UBC involved here applies to the Harney County Jail. It does. But to understand what the UBC section *means* in concrete terms requires resort to expert testimony, *i.e.,* a layman could not, on his own, readily interpret the section. This leads respondent to its ultimate argument:

"It is respondent's position * * * that where a duty is not plainly prescribed but depends upon a statute or statutes the construction of which is not free from doubt, it is not a duty which can be compelled by mandamus."

To the contrary, where a legal duty is set forth but its parameters require construction of the applicable law, the office of the trial court is not to dismiss the writ but rather to construe the law. *See State ex rel Maizels v. Juba,* 254 Or 323, 460 P2d 850 (1969). That

[ 851 ]

is what the trial court should have done here. It follows that this case must be reversed and remanded to the trial court with directions to fashion a decree granting the alternative writ.[1]

Reversed and remanded with instructions.

---

[1] Respondent's alternative argument, that the "Uniform Building Code" offered in evidence and referred to in the testimony was never shown to be the "Uniform Building Code of the International Conference of Builders," and that the petitioner therefore failed in his proof, is without substance. Both from partial identity of name and from the manner in which testimony was offered, it is clear that the parties were in agreement that the code discussed in the testimony was the one referred to in the statute.