Argued and submitted October 25, affirmed December 22, 1982, reconsideration denied February 4, petition for review denied March 1 (294 Or 569), rehearing denied March 22, 1983

STATE ex rel OREGON STATE
BUILDING AND CONSTRUCTION
TRADES COUNCIL et al,
*Appellants,*

*v.*

BUREAU OF LABOR AND INDUSTRIES
FOR THE STATE OF OREGON et al,
*Respondents.*

(No. 130,041, CA A23725)

656 P2d 325

Gene B. Mechanic, Portland, argued the cause for appellants. With him on the briefs was Goldberg & Mechanic, Portland.

Richard David Wasserman, Assistant Attorney General, Salem, argued the cause for respondents Bureau of Labor and Industries for the State of Oregon; Mary Wendy Roberts, in her capacity as Commissioner of the Bureau of Labor and Industries; Department of Energy for the State of Oregon; and Lynn Frank, in his capacity as Director of the Department of Energy. With him on the brief were Dave Frohnmayer, Attorney General, Stanton F. Long, Deputy Attorney General, and William F. Gary, Solicitor General, Salem.

Thomas S. Moore, Portland, argued the cause and filed the brief for respondent A.S.C. Constructors, Inc.

Robert L. Nash, Bend, argued the cause for respondents Warm Springs Power Enterprises; and the Confederated Tribes of the Warm Springs Reservation of Oregon. With him on the brief was Johnson, Marceau, Karnopp & Petersen, Bend.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

THORNTON, J.

## THORNTON, J.

Plaintiffs brought this mandamus action to compel the various defendants to pay or take action to require payment of the "prevailing rate of wage" under ORS 279.348 to 279.363 to workers performing services on the Pelton Re-regulating Dam Hydroelectric Project (project) on the Warm Springs Indian Reservation.[1] Defendants moved to dismiss plaintiffs' petition and the amended alternative writs of mandamus. The trial court granted the motions on the grounds that the project is not subject to the prevailing wage statute and that the state has no authority "over a tribal project located upon a reservation." We affirm, because we conclude that mandamus is not an available remedy here, and we therefore do not reach the issues decided by the trial judge.

Defendants are the Confederated Tribes of the Warm Springs Reservation of Oregon; Warm Springs Power Enterprises, a business enterprise organized by the Confederated Tribes for the general operation of the project; A.S.C. Constructors, Inc. (A.S.C.), the general contractor for the project; the Oregon Department of Energy, from which the Confederated Tribes received a Small Scale Local Energy Project (SELP) loan for the project, pursuant to ORS chapter 470; Lynn Frank, director of the Department of Energy; the Oregon Bureau of Labor and Industries; and Mary Wendy Roberts, commissioner of the bureau. Because there is almost complete overlap in the allegations and relief sought against them through the alternative writs, the Confederated Tribes and Warm Springs Power Enterprises will be referred to collectively in this opinion as "Confederated Tribes," the Department of Energy and Frank will be referred to as "Frank," and the Bureau of Labor and Industries and Roberts will be referred to as "Roberts."

---

[1] In addition to their allegations pertaining to the prevailing wage rate and wage claim statutes, plaintiffs allege in their amended alternative writs:

"Upon information and belief, defendant A.S.C. has failed to maintain work hours and conditions in accordance with the provisions of ORS Chapters 652 and 653. Defendant A.S.C. has compelled its workers to perform as much as 15 consecutive hours of work, without reasonable rest periods."

The parties' arguments on appeal are directed principally to the prevailing wage statutes. In any event, there is nothing in the allegation relating to other employment conditions that would alter our disposition of the appeal.

According to the amended alternative writs, the Confederated Tribes and A.S.C. entered into a general construction contract for the project in April, 1981. The contract originally contained "General Condition No. 46," pertaining to minimum wage requirements, and a provision requiring A.S.C. to comply with applicable state laws. However, the contract was subsequently supplemented to revoke General Condition No. 46 and to establish a compensation schedule lower than the applicable "prevailing wage rate schedule for public works projects established" by Roberts pursuant to the prevailing wage statute. In June and July, 1981, the Confederated Tribes and Frank executed various agreements and security documents in connection with the SELP loan. The alternative writs allege that, under the construction loan agreement between the Confederated Tribes and Frank, the Confederated Tribes are required "to proceed with construction of the Project in accordance with all applicable state law." A.S.C. has not paid project workers the prevailing wage rates. In response to complaints by plaintiffs, both Frank and Roberts indicated that they had no authority to enforce the prevailing wage statute in connection with the Warm Springs project. Roberts' response *appears* to have been predicated on legal advice that her enforcement authority under ORS 279.348 *et seq* does not extend to a project at a reservation.

The amended alternative writ directs the Confederated Tribes to

"* * * comply with ORS 279.350 and 279.352 and, thereby, compel A.S.C. Constructors, Inc., through contract, to pay workers at the Pelton Re-regulating Dam Hydroelectric Project the prevailing rate of wages for public works projects as established by the Oregon Labor Commissioner."

The amended alternative writ directs A.S.C.

"* * * to enter into a contract as required under ORS 279.352 requiring you to pay all workers at the Pelton Re-regulating Dam Hydroelectric Project the prevailing rate of wages for public works projects as established by the Oregon labor Commissioner, for the entire period, past, present and future, in which you have been and continue to be general contractor for the Project."

The relief plaintiffs seek against Frank is that he

"* * * seek return of loan funds distributed to date for construction of the Pelton Re-regulating Dam Hydroelectric Project and to withhold loan funds to be distributed in the future unless work at the Project is in compliance with the provisions for wages, hours and employment conditions under ORS chapters 652 and 653 and the provisions for prevailing rate of wages of ORS 279.348 to 279.361."

The command in the writ directed to Roberts is

"* * * to enforce the provisions for wages, hours and employment conditions under ORS chapters 652 and 653 and the provisions for prevailing rate of wages of ORS 279.348 to 279.361, with regard to work which has been, is being, or will be performed at the Pelton Re-regulating Dam Hydroelectric Project."

We stated in *State ex rel Watson v. Rader,* 36 Or App 847, 585 P2d 759 (1978), that, as a condition to relief by mandamus

"petitioner must show a clear legal right to performance of the duty sought to be enforced, * * * and the duty to be enforced must devolve upon respondent. * * *" 36 Or App at 850. (Citations omitted.)

With the exception of the writ directed to Roberts, the relief plaintiffs seek is not simply that the defendants comply with or enforce applicable law, but that they take *particular* actions to comply or to compel others to comply. Accordingly, for purposes of the relief sought against the Confederated Tribes, A.S.C. and Frank, our inquiry is not simply whether they have mandatory duties in connection with the prevailing wage statute, but whether they also have mandatory duties, respectively, to require by contract that the prevailing wage rate be paid, to agree by contract to pay the prevailing rate and to recover previous loans and withhold future loan installments if compliance does not occur.

■ ■ The answer with respect to the Confederated Tribes and A.S.C. is that neither has a duty owed to these plaintiffs to enter into an amended contract.[2] Similarly, the

---

[2] Defendants Frank and Roberts argue that mandamus does not lie in this case, because ORS 279.356, providing workers with a direct right of action for violation of the prevailing wage statute, is a plain, speedy and adequate remedy at law.

relief plaintiffs seek against Frank is not subject to compulsion by mandamus. Nothing in ORS chapter 470 requires the Department of Energy or its director to recover loans or to withhold future loan installments for the purpose of compelling compliance by the borrower with ORS 279.348 *et seq,* ORS chapter 652 or ORS chapter 653. However, in their reply brief, plaintiffs argue that the construction loan agreement between Frank and the Confederated Tribes requires the borrower to comply with applicable law and that Frank has authority under the agreement to declare the loan due and payable and to cease disbursing loan funds "[i]n the event of any default." Therefore, plaintiffs reason, Frank may be compelled to invoke that authority — or at least to decide whether to invoke it — because the Confederated Tribes are in default for not complying with the prevailing wage law. In the first place, the provision of the agreement on which plaintiffs rely says that the Department *may* pursue remedies in the event of default, not that it must.

More fundamentally, to be consistent with relevant provisions of ORS chapter 470, the "default" to which the provision of the agreement refers can only be a default in connection with the SELP loan or the completion of the project. The director and the department have no statutory authority to use loan enforcement powers or security to enforce the wage and employment conditions of state law; if, as plaintiffs contend, the agreement provides otherwise, the question would not be whether Frank must enforce wage and employment conditions pursuant to the agreement, but whether the agreement is valid insofar as it purports to give authority to the director that he does not enjoy under the statutes. *See* ORS 470.080, 470.090, 470.150 and 470.170 to 470.190.

Whether the relief plaintiffs seek against Roberts is available through mandamus is a closer question. The relevant enforcement section of the prevailing wage statute, ORS 279.355(4) provides:

Whatever merit that argument might have with respect to the availability of the mandamus relief sought against Frank and Roberts, the argument *may* have particular merit in connection with the relief claimed against A.S.C. and the Confederated Tribes. However, whether there is a plain, speedy and adequate remedy at law is a question of fact, which was of course not decided by the trial court in ruling on the motions to dismiss.

"The Commissioner of the Bureau of Labor and Industries *may,* without necessity of an assignment, initiate legal proceedings against employers to enjoin future failures to pay required prevailing wages or overtime pay and to require the payment of prevailing wages or overtime pay due employes. The commissioner is entitled to recover, in addition to other costs, such sum as the court or judge may adjudge reasonable as attorney fees. If the commissioner does not prevail in such action, the commissioner shall pay all costs and disbursements from the Bureau of Labor and Industries Account." (Emphasis supplied.)

Similarly, Roberts' authority under the wage claim statutes is couched in discretionary terms. *See* ORS 652.330,[3] 653.055(3). Plaintiffs appear to acknowledge that Roberts' enforcement powers under ORS 279.355(4) are discretionary, but argue:

"* * * The primary focus of plaintiffs' claim against defendants Roberts and Labor, however, involves [Roberts' and the bureau's] refusal to exercise any discretion at all. To date, these defendants have claimed that they do not have jurisdiction over the Project. * * *

"* * * * *

"Even ORS 279.355(4) * * * does not allow these defendants to ignore a violation of the prevailing wage rate law. They have discretion to decline instituting a lawsuit without necessity of an assignment. But even without an assignment, they may initiate legal proceedings against employers who fail to meet the prevailing wage rate law. At present, defendants Roberts and Labor have declined even to consider·such a lawsuit."

---

[3] Plaintiffs argue:

"Most importantly, ORS 652.330 requires the Commissioner to enforce wage claim statutes. The statutes specifically note that 'the Commissioner *shall* enforce ORS 652.310 to 652.405. . .' ORS 652.330. * * *" (Emphasis supplied.)

Plaintiffs do not note that, immediately following the language they quote from ORS 652.330(1), the statute provides "and to that end *may*" (emphasis supplied) carry out the enforcement activities enumerated in subsections (1)(a) to (1)(d).

Plaintiffs also refer to the mandatory language in ORS 651.050, the general section enumerating the duties of the commissioner, that she *"shall* cause to be enforced" various categories of employment laws, which are generally described in the statute. (Emphasis supplied.) However, the general language of ORS 651.050 does not make mandatory *specific* enforcement activities that are discretionary under the specific statutes that authorize them.

The principle is well established that mandamus lies to compel an officer to *exercise* discretion when he has the duty to do so, but not to direct the *manner* in which the discretion will be exercised. *See, e.g., State ex rel. Ricco v. Biggs,* 198 Or 413, 255 P2d 1055 (1953), where the Supreme Court directed issuance of a peremptory writ to the defendant circuit court judge, commanding him to decide a motion for change of venue that he had erroneously concluded he lacked jurisdiction to decide.

However, that principle has no application here, because Roberts has no positive duty to decide in any given case whether to exercise her enforcement powers under ORS 279.355(4) or the other statutes on which plaintiffs rely. Plaintiffs argue, in effect, that Roberts' refusal to enforce the prevailing wage statute was based on her conclusion that her authority does not extend to a project on a reservation and that that conclusion is legally incorrect. The reason for Roberts' inaction and the correctness of her reasoning are beside the point. Unlike the judge in *Ricco,* she has no obligation to make a formal record of her decision and, not unlike the judge in *Ricco,* she has no obligation to articulate or explain the reasons for her decision. Her inaction under the facts presented here is not amenable to judicial inquiry or command. *See Putnam v. Norblad,* 134 Or 433, 293 P 940 (1930).

Affirmed.[4]

---

[4] We do not imply, by stating the particular bases we have for concluding that mandamus is unavailable against the various defendants, that there are not other equally persuasive reasons for reaching the same conclusion with respect to some or all of them.