Argued and submitted September 9, 1997, alternative writ dismissed in
SC S43551; peremptory writ to issue in SC S43433 March 26, 1998

STATE ex rel Scott D. UPHAM,
*Plaintiff-Relator,*

*v.*

Michael J. McELLIGOTT,
Circuit Court Judge, Washington County,
*Defendant,*

*and*

B.C.W.,
*Intervenor.*

(SC S43433 (Control))

STATE ex rel B.C.W.,
a juvenile,
*Plaintiff-Relator,*

*v.*

Michael J. McELLIGOTT,
Circuit Court Judge, Washington County,
*Defendant,*

*and*

STATE OF OREGON,
by and through Scott D. UPHAM,
Washington County District Attorney,
*Intervenor.*

(SC S43551)*
(Cases Consolidated)

956 P2d 179

---

* Relating to Washington County Circuit Court Case No. J95-0415.

Michael C. Livingston, Assistant Attorney General, Salem, argued the cause for relator Scott D. Upham and intervenor State of Oregon. With him on the brief were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

Kathleen M. Correll, of Curtis & Correll, Portland, argued the cause for relator and intervenor B.C.W. With her on the brief was Michael Curtis.

No appearance *contra*.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Graber, and Durham, Justices.**

GRABER, J.

** Fadeley, J., retired January 31, 1998, and did not participate in this decision; Kulongoski, J., did not participate in the consideration or decision of this case.

**GRABER, J.**

These two consolidated mandamus proceedings arise out of the same underlying case. Petitions filed in the juvenile court allege that B.C.W., a youth,[1] is within the jurisdiction of the juvenile court pursuant to ORS 419C.005(1),[2] because he committed several acts that, if done by an adult, would constitute the crimes of sodomy in the first degree, rape in the first degree, and sexual abuse in the first degree. B.C.W. filed a motion for a jury trial, claiming a constitutional entitlement under Article I, section 11, of the Oregon Constitution, and under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.[3] B.C.W. then filed an alternative motion for an "advisory jury," relying on ORCP 1 A and ORCP 51 D.[4]

The juvenile court denied the first motion, ruling that B.C.W. had no constitutional right to a jury trial and citing *State ex rel Juv. Dept. v. Reynolds*, 317 Or 560, 857 P2d 842 (1993). Relator B.C.W. filed a petition for an alternative writ of mandamus to challenge that ruling. Second, the juvenile court held that it "has discretion to grant an advisory jury to a youth in a juvenile delinquency proceeding" and granted B.C.W.'s motion for an advisory jury. Relator Scott D. Upham, district attorney, filed a petition for an alternative writ of mandamus to challenge that second ruling.

This court allowed both petitions, issued alternative writs, and ordered that the mandamus matters be consolidated. For the reasons that follow: (1) we hold that B.C.W.

---

[1] A "youth" means a person who is under the age of 18 and who is alleged to have committed an act that would be a crime if committed by an adult. ORS 419A.004(27).

[2] ORS 419C.005(1) provides:

"Except as otherwise provided in ORS 137.707, the juvenile court has exclusive original jurisdiction in any case involving a person who is under 18 years of age and who has committed an act which is a violation, or which if done by an adult would constitute a violation, of a law or ordinance of the United States or a state, county or city."

[3] The texts of those constitutional provisions appear below, 326 Or at 551 n 6 and 552 n 8, respectively.

[4] The texts of the pertinent rules of civil procedure appear below, 326 Or at 553-54.

has no constitutional right to a jury trial and, accordingly, dismiss the alternative writ in SC S43551; and (2) we hold that the juvenile court has no discretion to empanel an advisory jury in a juvenile delinquency proceeding and, accordingly, direct that a peremptory writ issue in SC S43433, requiring the juvenile court to vacate the order granting B.C.W.'s motion for an advisory jury.

## B.C.W.'S PETITION FOR A WRIT OF MANDAMUS: CONSTITUTIONAL CLAIMS OF A RIGHT TO A JURY TRIAL

### ARTICLE I, SECTION 11

■    In 1993, this court held that the jurisdictional phase of a juvenile court delinquency proceeding under *former* ORS 419.476(1)(a)[5] "is not a 'criminal prosecution' within the meaning of Article I, section 11, of the Oregon Constitution,"[6] and that "the juvenile court properly denied the child's motion for a jury trial." *Reynolds*, 317 Or at 575.

Like the present proceedings, *Reynolds* involved allegations of sex-related crimes. The youth in that case had engaged in conduct that, if done by an adult, would constitute sodomy in the first degree, sexual abuse in the first degree, and furnishing obscene materials to minors. *Id.* at 563. As here, the youth argued that he was entitled to a jury trial, because the juvenile court delinquency proceeding was a "criminal prosecution" that called into play the right of jury trial embodied in Article I, section 11. *Id.* at 564. This court extensively examined the history of that constitutional provision and of Oregon's juvenile justice system. *Id.* at 565-70. This court noted, among other things, the vastly different result for an adult convicted of first-degree sexual abuse (up to 10 years' imprisonment, with a presumptive sentence of 16

---

[5] In 1993, the legislature reorganized the juvenile code. *See* Or Laws 1993, ch 33 (creating new provisions and amending and repealing other provisions). *Former* ORS 419.476(1)(a), *repealed by* Or Laws 1993, ch 33, § 373, is identical in all material respects to ORS 419C.005(1).

[6] Article I, section 11, of the Oregon Constitution, provides, in part:

"In all criminal prosecutions, the accused shall have the right to public trial by an impartial jury * * *."

to 18 months' imprisonment) than for the youth: "the juvenile court in this case merely upgraded the child's previous informal probation to formal probation and sent him home." *Id.* at 572. The court also explained in detail other differences between adult and youth adjudications such as, in the juvenile system, flexible, often noncustodial dispositional alternatives; parental involvement; and emphasis on the best interests of the child. *Id.* at 572-74. The court concluded:

> "In summary, in the jurisdictional phase of a delinquency proceeding * * *, the issue is not whether the child should be punished for his or her conduct but, rather, whether the statutory grounds for jurisdiction have been established and, if so, what disposition is in the child's best interests. Juvenile courts are concerned with rehabilitation, not punishment. If the state wishes to prosecute a child criminally, it must do so by transferring the child to an adult criminal court.

> "* * * * *

> "We conclude that, in the juvenile code, the legislature so changed the way that a juvenile is treated as to create a proceeding that is *sui generis*. We hold that the jurisdictional phase of a juvenile proceeding * * * is not a 'criminal prosecution' within the meaning of Article I, section 11, of the Oregon Constitution. Accordingly, the juvenile court properly denied the * * * motion for a jury trial." *Id.* at 574-75.

B.C.W. argues that *Reynolds* is not controlling, because various legislative changes in 1995 rendered a delinquency proceeding for a sexual offense "the functional equivalent of a criminal prosecution." His wholesale attack on the *1995* legislation is not well taken, because the alleged delinquent acts occurred in *1994*. B.C.W. has not demonstrated that whatever parts of the 1995 legislation may apply to this proceeding have rendered *Reynolds* distinguishable. *Reynolds* controls here, and B.C.W.'s argument under Article I, section 11, must fail.[7]

---

[7] Because of our disposition of the Article I, section 11, claim on the merits, we need not consider the state's argument that Measure 40 applies.

## FEDERAL CONSTITUTIONAL CHALLENGE

■        B.C.W. next contends that the Due Process Clause of the Fourteenth Amendment[8] guarantees a right to a jury trial in this delinquency proceeding. However, binding federal precedent is to the contrary.

In *McKeiver v. Pennsylvania*, 403 US 528, 91 S Ct 1976, 29 L Ed 2d 647 (1971), five justices agreed that a juvenile delinquency proceeding is not a "criminal prosecution" within the meaning of the Sixth Amendment. Additionally, the court in *McKeiver* held that the Due Process Clause of the Fourteenth Amendment does not require a jury trial as a basic component of a juvenile delinquency proceeding. 403 US at 538-51.

B.C.W. points to no federal authority to the contrary. Neither does he point to anything peculiar in his situation that would cause due process to require a jury trial here. His federal constitutional claim is not well taken.

## DISPOSITION

B.C.W. has no constitutional right to a jury trial. Accordingly, we dismiss the alternative writ of mandamus in SC S43551.

## DISTRICT ATTORNEY'S PETITION FOR
## A WRIT OF MANDAMUS:
## AUTHORITY TO EMPANEL AN ADVISORY JURY

After holding that B.C.W. has no constitutional right to a jury trial, the juvenile court ordered that an advisory jury be empaneled in the present case. B.C.W.'s alternative motion cited ORCP 1 A and ORCP 51 D as sources of authority for an advisory jury in a juvenile delinquency proceeding. The question before us is whether the juvenile court acted within its statutory authority when it ordered an advisory jury.

■        ORCP 1 A provides, in part:

---

[8] Section 1 of the Fourteenth Amendment provides, in part, that no "State [shall] deprive any person of life, liberty, or property, without due process of law."

"These rules govern procedure and practice in all circuit courts of this state, except in the small claims department of circuit courts, for all civil actions and special proceedings whether cognizable as cases at law, in equity, or of statutory origin *except where a different procedure is specified by statute or rule.*" (Emphasis added.)

For the purpose of discussion, we assume (without deciding) that proceedings in juvenile court come within the coverage of the Oregon Rules of Civil Procedure as special proceedings of statutory origin.[9] ORCP 51 D provides:

"In all actions not triable by right to a jury, the court, upon motion of a party or on its own initiative, may try an issue with an advisory jury or it may, with the consent of all parties, order a trial to a jury whose verdict shall have the same effect as if trial to a jury had been a matter of right."

As the first portion of this opinion demonstrates, this matter is "not triable by right to a jury." Consequently, ORCP 51 D would appear to allow the use of an advisory jury unless the emphasized proviso of ORCP 1 A operates.

We turn, then, to the dispositive question under the Oregon Rules of Civil Procedure: whether there is "a different procedure * * * specified by statute," ORCP 1 A, for a juvenile delinquency proceeding. This proceeding arose from a petition alleging that B.C.W., a youth, is within the jurisdiction of the juvenile court pursuant to ORS 419C.005. ORS 419C.400 prescribes the manner of conducting a hearing in such cases:

"(1) *The hearing shall be held by the court without a jury* and may be continued from time to time.

"(2) The facts alleged in the petition showing the youth to be within the jurisdiction of the court as provided in ORS 419C.005, unless admitted, must be established beyond a reasonable doubt.

---

[9] *But see, e.g.,* ORS 419C.270 (incorporating by reference many "rules of criminal procedure," such as those pertaining to motions to suppress, demurrers, and discovery); ORS 419C.343 (providing special procedure for taking depositions when "waiver" to adult court is under consideration); ORS 419C.309 to 419C.317 (specifying method of serving summons and other process issuing from the juvenile court); *Reynolds,* 317 Or at 575 (juvenile delinquency proceedings are *sui generis*).

"(3) For the purpose of determining proper disposition of the youth, testimony, reports or other material relating to the youth's mental, physical and social history and prognosis may be received by the court without regard to their competency or relevancy under the rules of evidence.

"(4) An adjudication by a juvenile court that a youth is within its jurisdiction is not a conviction of a crime or offense." (Emphasis added.)

In construing ORS 419C.400, we apply the template established in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). The statute directs that "[t]he hearing shall be held by the court without a jury." The word "shall" is mandatory. *See Webster's Third New Int'l Dictionary* 2085 (unabridged ed 1993) ("shall" is "used in laws, regulations, or directives to express what is mandatory"). The verb "hold" means, as pertinent, "to take place." *Id.* at 1078. The text thus requires the "hearing"—the proceeding itself—"to take place" before the judge without a jury.

The context of ORS 419C.400(1) includes the other subsections of ORS 419C.400. ORS 419C.400(3) provides that evidence bearing on disposition need not comply with rules of evidence, and ORS 419C.400(4) provides that an adjudication is not a conviction of a crime or offense. Those provisions are consistent with a paradigm in which the court, sitting without a jury, hears the matter.

The context of ORS 419C.400 also includes the remainder of the juvenile code's provisions on delinquency proceedings. Other such provisions similarly are consistent with a hearing before the court without a jury. For example, new parties, the parents, are added to the proceedings at the dispositional stage. ORS 419C.285(1)(a).

In summary, context does nothing to detract from the textual command to hold the hearing without a jury. At the first level of analysis, the legislature's intention is clear. Because ORS 419C.400 specifies a procedure for a juvenile delinquency proceeding, ORCP 51 D does not apply, even if the rules of civil procedure generally govern such a proceeding. The juvenile court lacks authority to empanel any jury to hear a delinquency case.

Therefore, the juvenile court in this case committed legal error when it entered an order granting B.C.W.'s motion for an advisory jury. We direct that a peremptory writ issue in SC S43433, requiring the juvenile court to vacate that order.[10]

In SC S43551, alternative writ dismissed. In SC S43433, peremptory writ to issue.

---

[10] Because of our disposition of this issue, we need not consider relator Upham's argument that Measure 40 applies.