Submitted on record and briefs December 17, 1997; resubmitted En Banc April 8, affirmed June 24, 1998

STATE ex rel ROY A. TRAVIS,
*Appellant,*

*v.*

BOARD OF PAROLE,
*Respondent.*

(96C-13812; CA A96535)

959 P2d 629

Roy A. Travis filed the briefs *pro se*.

Hardy Myers, Attorney General, Virginia L. Linder, Solicitor General, and Christine Chute, Assistant Attorney General, filed the brief for respondent.

PER CURIAM

Deits, C. J., concurring.

Warren, J., dissenting.

**DEITS, C. J.,** concurring.

I agree with the majority that, if we reach the merits of this case, our decision in *Weidner v. Armenakis*, 154 Or App 12, 959 P2d 623 (1998), is dispositive. However, in contrast to *Weidner*, where the plaintiff sought a writ of *habeas corpus*, here, plaintiff-relator seeks a writ of mandamus ordering defendant Board of Parole and Post-Prison Supervision to release him on parole. Plaintiff's arguments here in support of the issuance of the writ are essentially the same as those made by the plaintiff in *Weidner*. Nonetheless, I would affirm the trial court's dismissal of plaintiff's petition for an alternative writ of mandamus on a different ground; namely, that mandamus is not an appropriate remedy.

ORS 34.110 governs the issuance of a writ of mandamus. It provides, in part:

> "A writ of mandamus may be issued to any inferior court, corporation, board, officer or person, to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust or station; but though *the writ* may require such court, corporation, board, officer or person to exercise judgment, or proceed to the discharge of any functions, it *shall not control judicial discretion.*" (Emphasis supplied.)

The language of this statute clearly provides that mandamus may be used to compel a court or a board to perform a duty, but may not be used to control judicial—or board— discretion. Because the Board's decision here, as to whether to release plaintiff on parole, involves the exercise of discretion, in my opinion, mandamus is not an appropriate remedy.

Not only does the text of the statute support the conclusion that mandamus is not appropriate here, the case law relating to the proper use of mandamus supports that conclusion as well. An excellent summary of this question is included in the Oregon Supreme Court's decision in *State ex rel Coast Holding Co. v. Ekwall*, 144 Or 672, 681, 26 P2d 52 (1933) (quoting *People v. Commissioners*, 149 NY 26, 43 NE 418 (1896):

"When the law requires a public officer to do a specified act in a specified way, upon a conceded state of facts, without regard to his own judgment as to the propriety of the act, and with no power to exercise discretion, the duty is ministerial in character and performance may be compelled by mandamus, if there is no other remedy. When, however, the law requires a judicial determination to be made, such as the decision of a question of fact, or the exercise of judgment in deciding whether the act should be done or not, the duty is regarded as judicial and mandamus will not lie to compel performance."

*See also State ex rel Ware v. Hieber*, 267 Or 124, 128, 515 P2d 721 (1973) (mandamus will not compel defendant to decide disputed questions of fact in a particular way); *Johnson v. Craddock*, 228 Or 308, 365 P2d 89 (1961) (mandamus could not compel county to accept plaintiff-relator's bid for certain land being auctioned, because county had discretion to determine what bid to accept); *State ex rel Ricco v. Biggs*, 198 Or 413, 422, 255 P2d 1055 (1953) ("Mandamus will never lie to compel a court to decide a matter within its discretion in any particular way."); *Cordill v. City of Estacada*, 67 Or App 481, 486, 678 P2d 1257 (1984) (while defendant city could be ordered to enforce zoning ordinance through writ of mandamus, writ could not order city to take specific action because more than one alternative was available, and "determining which of the alternatives to require involves the exercise of judgment or discretion"); *State ex rel Bldg Council v. Bureau of Labor*, 61 Or App 22, 29, 656 P2d 325 (1982) ("mandamus lies to compel an officer to *exercise* discretion when he has the duty to do so, but not to direct the *manner* in which the discretion will be exercised").

One factor that the courts have given significant consideration in determining whether a statute imposes a mandatory ministerial duty or requires an act of discretion is whether the statute authorizing the defendant to take an action is phrased permissively ("may") or imperatively ("must"). *In re Clark*, 79 Or 325, 327, 154 P 748, 155 P 187 (1916). The text of the statute at issue here, ORS 144.125 (1991), gives the Board discretion regarding parole release decisions. It provides, in pertinent part:

"(1) Prior to the scheduled release of any prisoner on parole and prior to release rescheduled under this section, the board *may* upon request of the Department of Corrections or on its own initiative interview the prisoner to *review the prisoner's parole plan and psychiatric or psychological report, if any, and the record of the prisoner's conduct during confinement.*

"(2) The board shall postpone a prisoner's scheduled release date if it finds, after a hearing, that the prisoner engaged in serious misconduct during confinement. The board shall adopt rules defining serious misconduct and specifying periods of postponement for such misconduct.

"(3) If a psychiatric or psychological diagnosis of present severe emotional disturbance such as to constitute a danger to the health or safety of the community has been made with respect to the prisoner, the board *may* order the postponement of the scheduled parole release until a specified future date.

"(4) Each prisoner shall furnish the board with a parole plan prior to the scheduled release of the prisoner on parole. The board shall adopt rules specifying the elements of an adequate parole plan and *may* defer release of the prisoner for not more than three months if it finds the parole plan is inadequate." (Emphasis supplied.)

As this court explained in *Weidner*, the terms "present severe emotional disturbance" are neither medical terms nor a diagnosis; those terms represent a legal standard. To determine if that legal standard has been met, the Board is required to evaluate certain information that is before it and to exercise its discretion in determining whether the psychiatric or psychological diagnosis that has been made with respect to the prisoner is of a severe emotional disturbance such that the prisoner constitutes a danger to the health or safety of the community. That is not a ministerial duty.

The context of ORS 144.125 (1991) also supports the conclusion that the Board's decision is discretionary. The Board's general authority to make release decisions clearly is discretionary. ORS 144.050 provides:

"Subject to applicable laws, the State Board of Parole and Post-Prison Supervision *may* authorize any inmate, who is committed to the legal and physical custody of the

Department of Corrections for an offense committed prior to November 1, 1989, to go upon parole subject to being arrested and detained under written order of the board as provided in ORS 144.350. The state board may establish rules applicable to parole." (Emphasis supplied.)

ORS 144.223(1) provides, in part, that the Board of Parole "*may* require any prisoner being considered for parole to be examined by a psychiatrist or psychologist before being released on parole." (Emphasis supplied.) ORS 144.185 provides that before making a release determination under ORS 144.125, the Board "*may* cause to be brought before it current records and information" including not only a psychiatric or psychological diagnosis and a parole plan, but also "[o]ther relevant information concerning the prisoner as may be reasonably available." (Emphasis supplied.) Even the mandatory "shall" language of ORS 144.125(2) (1991), quoted above, requires the Board to make a discretionary decision about whether the prisoner engaged in "serious misconduct."

In summary, I would hold that plaintiff's writ of mandamus was properly dismissed on the basis that the Board's decision here is discretionary and that, accordingly, mandamus is not a proper remedy.

Riggs, De Muniz and Haselton, JJ., join in this concurrence.

**WARREN, J.,** dissenting.

I agree with the majority that this is a proper case for mandamus, but, for the reasons that I discussed in my dissent in *Weidner v. Armenakis*, 154 Or App 12, 20, 959 P2d 623 (1998), I dissent from its decision affirming the dismissal of the writ. I write to explain why I believe mandamus to be a proper way to reach the merits.

The issue in this case is whether the Board of Parole acted properly when it extended relator's parole release date. If the Board acted improperly, relator had an absolute right to release on his original parole release date. ORS 144.245(1).[1] In that situation, the Board had a mandatory

---

[1] As relevant, ORS 144.245(1) provides that "[w]hen the State Board of Parole and Post-Prison Supervision has set a date on which a prisoner is to be released upon parole, *the prisoner shall be released on that date*" unless the prisoner remains subject to an unexpired minimum term. (Emphasis supplied.)

duty to order his release. The Board's sole authority for extending relator's release date was its conclusion that he had a present severe emotional disturbance such as to constitute a danger to the health or safety of the community. *See* ORS 144.125(3). Relator argues that the Board acted improperly when it based its decision on that statute, because it relied on all the evidence before it rather than limiting its inquiry to whether there was a psychological or psychiatric diagnosis that reached that conclusion, as ⁀the statute requires.

For the reasons that I explained in my dissent in *Weidner*, I agree with relator's interpretation of the statute. The majority in that case reached a different conclusion. That does not affect relator's right to raise the issue by mandamus. If he were correct, the Board would have a mandatory duty to release him. That is precisely the situation in which mandamus is appropriate: relator seeks an order that the Board perform its mandatory duty. The issue in the case, thus, is whether relator is correct. If he is, the trial court should have issued the peremptory writ; if he is not, the trial court correctly dismissed the alternative writ. That the majority has rejected relator's argument does not mean that he followed the wrong method of seeking relief.

When the Supreme Court concludes that a defendant in a mandamus proceeding does not have the mandatory duty that the relator claims, it does not decide that the issue is not a proper subject for mandamus; it simply dismisses the alternative writ. *See, e.g., State ex rel Upham v. McElligott*, 326 Or 547, 553, 956 P2d 179 (1998) (dismissing alternative writ that challenged the defendant judge's denial of jury trial as of right to juvenile). That is the proper result in this case, assuming that the majority's decision on the merits of relator's claim is correct.

Because I disagree with that decision, I dissent.

Edmonds, Armstrong and Wollheim, JJ., join in this dissent.